ADELE NESTEL, *et vir.*, and LOUIS P. NESTEL, Individually, v. CITY OF MIAMI.

194 So. 248
Opinion Filed February 23, 1940

*Morehead & Pallot* and *David Lemelman,* for Plaintiffs in Error;

*Lewis Twyman,* for Defendant in Error.

PER CURIAM.—This case is before the Court on writ of error to a final judgment on demurrer to the second amended declaration entered by the lower court in favor of the City of Miami. From this final judgment plaintiff below has perfected her appeal to this Court and the case is here for review.

The sole question to be decided by this Court is whether or not the allegations of the second amended declaration are sufficient to withstand the attack as made by the several grounds appearing in the demurrer.

The case has been submitted to this Court on the briefs of counsel for the respective parties, oral argument having been waived, and the Court having considered the amended declaration, and the grounds of the demurrer directed there to, and briefs and authorities cited having been examined, the Court is of the opinion that the lower court erred in sustaining the demurrer and entering final judgment thereon for the defendant below. See Jones v. City of Pensacola, 58 Fla. 208, 50 So. 874.

The judgment appealed from is hereby reversed.

WHITFIELD, P. J., CHAPMAN and THOMAS, J. J., concur.

BROWN, J., concurs in part and dissents in part.

TERRELL, C. J., and BUFORD, J., dissent.

BROWN, J. (concurring in part).—I concur except as to the demurrer to the second count—that by which the husband claims damages. This count failed to allege that he gave the city notice of his claim, as required by the city charter.

BUFORD, J. (dissenting).—On writ of error we review

judgment in favor of defendant on demurrer sustained to second amended declaration.

An allegation of the first count of the declaration is: "And that on or about said date, shortly after dark, while plaintiff, Adele Nestel, was walking along said public highway, in the exercise of due care, *unavoidably* struck her foot against said obstruction and defect, which she could not see because it was dark, as a result of defendant neglecting to maintain any lights at said place, causing her to fall upon and strike the pavement of said highway with great force and violence, whereby," etc. (Emphasis supplied.)

An allegation of the second count is: "And that on or about said date, shortly after dark, while plaintiff, Adele Nestel, was walking along said public highway, in the exercise of due care, *unavoidably* struck her foot against said obstruction and defect, which she could not see because it was dark, as a result of defendant neglecting to maintain any lights at said place, causing her to fall upon and strike the pavement of said highway with great force and violence, whereby," etc., * * * (Emphasis supplied.)

Allegations of pleadings must be construed most strongly against the pleader.

If the occurrence was *unavoidable* then it was one which could not have been avoided or prevented.

· No recovery may be had for personal injuries resulting from an inevitable or unavoidable accident.

See 20 R. C. L. 17, and cases there cited.

It is not necessary to discuss other infirmities appearing in the declaration. I think judgment should be affirmed.