CARL HART v. FLORIDA POWER & LIGHT COMPANY, a Florida Corporation.

32 So. (2nd) 279             June Term, 1947
October 21, 1947                En Banc

*Arnovitz, Weinkle & Arnovitz,* for appellant.
*Loftin, Anderson, Scott, McCarthy & Preston,* for appellee.

ADAMS, J.:

Appellant's declaration was held bad and he appeals.

Appellant, an employee of the City of Miami, was summoned for emergency duty to restore service because a draw bridge had failed when opened to boat traffic. Appellee was under contract to furnish electric power to the city and it likewise dispatched its employees to assist in restoring service.

The charge of negligence is that appellee's employees opened a large manhole in the sidewalk, in order to reach the power lines, and negligently left it opened and unguarded in the dark while the work was being done.

Appellant, not knowing of the open manhole, fell into it while performing his duty and was injured.

Appellee insists that it was performing its duty in keeping with the rule declared by us in Florida Power & Light Company v. Bridgeman, 133 Fla. 195, 182 So. 911, wherein we stated:

"The legal duty is to immediately locate the trouble, ascertain the character and extent thereof, and to with all reasonable speed do that which is found to be needful to protect lives and property from the dangers incident to the disarrangement of the flow of the electric current."

This is far short of a defense to this action. Performance of any duty connotes the exercise of due and lawful care for the safety of others. If this manhole had to be left open only for a short time where people were passing in the dark then surely prudent judgment dictated the placing of guards, lights or some reasonable means to protect persons using the sidewalk. See 25 Am. Jur., Section 412, page 706; Nestel, et al., v. City of Miami, 141 Fla. 896, 194 So. 248.

Reversed.

TERRELL, BUFORD, CHAPMAN and BARNS, JJ., concur.

THOMAS, C. J., and SEBRING, J., dissent.