THE CITY OF PENSACOLA, A MUNICIPALITY, *Plaintiff in Error*, v. JAMES M. JONES, *Defendant in Error*.

1. Under the statutes of this State municipal corporations have the power to regulate and control the grading, construction and repairs of all streets, pavements and sidewalks in such municipalities respectively, and as a result of this power they are required to exercise reasonable diligence in repairing defects in streets and sidewalks after the unsafe condition thereof is known, or ought to have been known, to them, or to their officers having authority to act for them; and the municipality is liable in damages for negligent non-performance of this duty.

2. Where a statute authorizes the city to require abutting owners "to construct uniform and substantial sidewalks around their several lots, and to keep the same in repair;" it does not relieve the city of its duty "to exercise reasonable diligence in repairing defects in * * * sidewalks," or its liability for negligence in the discharge of this duty.

3. In an action to recover damages from a municipality for injuries received because of defects in a sidewalk, where it is alleged that the city "had possession and control of" the "street and the sidewalks thereon," and "knowingly, wrongfully and negligently suffered the sidewalk" "to become and remain in a defective and unsafe condition for many weeks before" the injury, and the particular defects are stated, and it is alleged "that the defendant knew or should have known that said defective sidewalk existed for many weeks before and at the date of the injury," such allegations necessarily import that the "sidewalk was not reasonably safe."

4. Where the allegations of a declaration show that a city was negligent in not keeping its streets in repair, it is not necessary to allege additional negligence in not keeping the streets lighted so as to warn pedestrians of danger caused by the negligence of the city.

This case was decided by the Court En Banc.

Writ of Error to the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the court.

*John B. Jones,* for Plaintiff in Error;

*Wm. C. Monroe,* for Defendant in Error.

WHITFIELD, C. J.—The defendant in error recovered a judgment in the circuit court for Escambia county against the City of Pensacola for injuries received because of a defective sidewalk in the city. On writ of error it is urged that the declaration is fatally defective, because it does not allege that the city "owned or constructed the alleged defective sidewalk," or that the "sidewalk was not reasonably safe," or that "the defendant failed to have the defective and unsafe places in the sidewalk properly guarded or lighted so as to warn pedestrians of danger."

Under the statutes of this State municipal corporations have the power to regulate and control the grading, construction and repairs of all streets, pavements and sidewalks in such municipalities respectively, and as a result of this power they are required to exercise reasonable diligence in repairing defects in streets and sidewalks after the unsafe condition thereof is known, or ought to have been known, to them, or to their officers having authority to act for them; and the municipality is liable in damages for negligent non-performance of this duty. Paragraph 1017 General Statutes of 1906; City of Daytona v. Edson, 46 Fla. 463, 34 South. Rep. 954.

The statute authorizes the city to require abutting owners "to construct uniform and substantial sidewalks

14—Vol. 58.

around their several lots, and to keep the same in repair;" but this does not relieve the city of its duty "to exercise reasonable diligence in repairing defects in * * * sidewalks," or its liability for negligence in the discharge of this duty.

It is alleged that the city "had possession and control of" the "street and sidewalks thereon," and "knowingly, wrongfully and negligently suffered the sidewalk" "to become and remain in a defective and unsafe condition for many weeks before" the injury complained of. The particular defects caused by broken or missing boards are stated, and it is alleged "that defendant knew or should have known that said defective sidewalk existed for many weeks before and at the date of the injury." These allegations necessarily import that the "sidewalk was not reasonably safe." If the city was negligent in not keeping the streets in repair, it was not necessary to allege additional negligence in not keeping the streets lighted so as to warn pedestrians of danger caused by the negligence of the city.

No other questions are argued.

The judgment is affirmed.

All concur, except HOCKER, J., absent.