CITY OF CLEARWATER v. MRS. E. B. GAUTIER, *et vir.*

161 So. 433.
Division B.
Opinion Filed February 20, 1935.
Rehearing Denied June 3, 1935.

*Jones & White,* and *John C. Polhill,* for Plaintiff in Error.
*Hardee & Martin,* for Defendants in Error;

BUFORD, J.—Defendants in error sued the City of Clearwater to recover damages for injuries alleged to have been received by reason of a fall occasioned by Mrs. Gautier stepping into a wide crack or crevice in a broken and unsafe sidewalk of said city.

Plaintiff in error states the question involved for the Court's determination as follows:

"Where the undisputed testimony shows that plaintiff, an intelligent and educated woman, while walking in broad daylight upon a city sidewalk adjacent to and forming a part of the grounds of two High Schools attended by approximately seven hundred pupils, approached a partially broken and imperfect cross-walk, the condition of which was as obvious and patent to the pedestrian as to the city, the plaintiff having observed its condition before proceeding thereon, it appearing to her to be a reasonably safe place to walk upon, and it further appearing from undisputed evidence that said walk, in substantially the same condition, had been in use and traversed by large crowds both day and night for several years without accident or injury to anyone, and plaintiff proceeded upon said cross-walk, placed her heel in a triangular depression in the pavement not exceeding two inches deep and two or three inches wide, fell and was injured; Do such undisputed facts, as a matter of law, support a finding of actionable negligence and consequent legal liability on the part of the city?"

Defendants in error say that this statement of the question is a fair statement except that there should be added thereto the following facts appearing from the testimony:

"(1) That the crevice in the sidewalk in which the defendant in error stepped, and as a result of which she was injured, was only one of many crevices and breaks occurring in the immediate proximity of the crevice into which she stepped, many of such cracks and crevices being of a more serious nature and defect than the crevice into which she stepped.

"(2) That the crevice into which the defendant in error stepped, and as a result of which she sustained her injuries,

was obscured by grass and appeared to her to be solid and firm as when proceeding along such sidewalk she stepped thereinto.

"(3) That the crevice into which the defendant in error stepped was approximately 3" deep and was in a triangular shape."

A study of the record shows substantial evidence to support the suggestion stated by defendant in error and upon which the jury could have and probably did, reach the conclusion that these were existing facts.

In the case of City of Pensacola v. Jones, 58 Fla. 208, 50 Sou. 874, in an opinion prepared by Mr. Justice Whitfield, this Court said:

"Under the statutes of this state municipal corporations have the power to regulate and control the grading and construction and repairs of all streets, pavements and sidewalks in such municipalities respectively, and as a result of this power they are required to exercise reasonable diligence in repairing defects in streets and sidewalks after the unsafe condition thereof is known, or ought to have been known, to them, or to their officers having authority to act for them; and the municipality is liable in damages for negligent non-performance of this duty. Paragraph 1017, General Statutes of 1906; City of Daytona v. Edson, 46 Fla. 463, 34 South. Rep. 954."

The trial court correctly charged the jury as to the law of the case and there is ample substantial evidence in the record to support the verdict under the law as so charged.

It is true that the jury might have arrived at a different conclusion, which different conclusion might also have been supported by substantial evidence, but it was the province of the jury to determine the weight and probative force of the evidence and upon such determination to base their verdict.

The trial court supported the verdict of the jury by denying motion for new trial. The verdict and judgment were not excessive. The evidence showed beyond any question that the dangerous and defective condition of the sidewalk had existed for a long time; that the city, through its officers had, or should have had, full knowledge of that condition. Under this state of facts, it was the duty of the city to repair the sidewalk and make it safe for pedestrians or else suffer the consequences which might result from injury to pedestrians caused solely by this unsafe condition of the sidewalk. See City of Pensacola v. Jones, *supra;* City of Jacksonville v. Vaughn, 92 Fla. 339, 110 Sou. 528.

The judgment should be affirmed and it is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN, and DAVIS, J. J., concur in the opinion and judgment.