CITY OF ST. PETERSBURG, a municipal corporation, v. BLANCHE D. ROACH, joined by her husband, FRED J. ROACH.

4 So. (2nd) 367

En Banc

Opinion Filed October 28, 1941

*Carrol R. Runyon* and *Harry I. Young,* for Plaintiff in Error;

*Booth & Dickinson,* for Defendant in Error.

THOMAS, J.—The defendant in error, who was plaintiff in the circuit court, tripped in a depression in a sidewalk, with which she was unfamiliar, in the City of St. Petersburg, suffered painful injuries and in her suit for redress was given a verdict by the jury later sanctioned by the court when motion for new trial was denied and judgment entered.

In presenting its position in this court the plaintiff in error has urged reversal of the judgment of the lower court principally because of alleged error on the part of the jury in their interpretation of the facts presented by the witnesses. This court is asked to give a definite ruling on the dimensions of depressions in sidewalks rendering recovery for injuries because of them actionable, not only for the purpose of disposing of the instant case, but also as a guide to courts and parties in actual or tontemplated litigation.

We cannot undertake to fix with mathematical nicety the proportions of flaws in the sidewalks maintained by municipalities which may result in actionable injury to pedestrians. Cases in which damages are sought because of such defects must depend to

great degree upon circumstances of each incident. For instance, darkness (City of Key West v. Baldwin, 69 Fla. 136, 67 So. 808); obscurity because of grass (City of Clearwater v. Gautier, *et al.,* 119 Fla. 476, 161 So. 433); a covering of ice and snow (Isaacson v. City of Boston, 80 N. E. 809); the slickness of light snow (Hamilton v. City of Buffalo, 65 N. E. 944); a loose flagstone (Emery v. City of Pittsburgh, 119 A. 603, 275 Pa. 551) have been important factors in fixing responsibility of municipal corporations.

It is well established by respectable authority that the city is not an insurer of the pedestrian and that in the miles of sidewalks in a modern city there may well be many defects which may result in injury to the unwary walker but which are not of such character as would justify fastening responsibility on the municipality for the mishaps, because to do so would amount to insurance.

It is written in McQuillan Municipal Corporations, Second Edition, Volume 7, page 163, that one may not recover for injuries resulting from defective sidewalks unless it be shown that the injury was directly traceable to the defect; "that the sidewalk was not reasonably safe;" and that the flaw had been there a sufficient length of time for the municipal corporation to have discovered it by the exercise of reasonable care and to have repaired it. There is no doubt that the injury suffered by the defendant in error was chargeable to a defect in the sidewalk and it was successfully argued in the trial court that it had been there for sufficient length of time for the city to have become aware of the imperfection and have remedied it.

We discern no new principle of law presented here

requiring decision, nor any old one needing elaboration. The case was well plead, fairly tried and ably presented in both the trial and appellate court. Counsel for the city has most plausibly and forcefully argued that an affirmance of the judgment of the lower court would cause us to enter that sphere wherein may be placed those injuries justification for recovery of which would be the equivalent of deciding that the cities are insurers. We are inclined to the view that, in the circumstances presented, right to recovery was a matter of fact rather than one of law and that there is no reason for interference on our part with the judgment of the lower court based upon the jury's verdict, there not having appeared to us clear evidence of reversible error.

Affirmed.

BROWN, C. J., WHITFIELD, BUFORD, CHAPMAN and ADAMS, J. J., concur.

TERRELL, J., dissents.