**CITY OF MIAMI BEACH, a municipal corporation, v. DELLA QUINN, a single woman.**

5 So. (2nd) 593 Division B
January 16, 1942

J. Harvey Robillard and L. A. Schroeder, Jr., for plaintiff in error.

Carr & Carr and L. J. Cushman, for defendant in error.

CHAPMAN, J.:

This case is here on writ of error to review a judgment for plaintiff below entered by the Circuit Court of Dade County, Florida. The plaintiff below sustained personal injuries on April 13, 1940, by stepping into a depression, hole or excavation situated in a public parkway of the City of Miami Beach adjacent to 63rd Street, which is located between Indian Creek Drive and Collins Avenue. The plaintiff was injured

while walking across a grass plot in which the city maintained and operated a pumping station. The negligence alleged was the failure of the city to keep the parkway in a safe condition for the use and benefit of pedestrians.

The testimony discloses that the plaintiff, while walking across the parkway at the point described in the declaration, stepped into the depression or excavation and was injured. The extent of the injuries sustained can or may be admitted for the purpose of a decision of this case. The pivotal point presented is whether or not the defendant, under the circumstances and conditions presented by this record, was guilty of negligence in permitting or allowing the depression to exist in a public parkway used by pedestrians.

It is settled law that a municipal corporation is liable for resulting injuries from a failure to repair streets or sidewalks. It is required to exercise reasonable diligence in repairing defects after the unsafe condition of the street or sidewalk is known or ought to have been known to the officers thereof having authority to act. See City of Orlando v. Heard, 29 Fla. 581, 11 So. 182. Likewise, the same rule was subsequently enunciated when it was held that municipal corporations have the power under the statutes of Florida to regulate and control the grading, constructing and repairing of streets and sidewalks, and in the exercise of this power, it is charged with the duty of exercising reasonable diligence in the repair of defects in streets and sidewalks after the unsafe condition thereof is known to the officers having authority to act. See City of Daytona v. Edson, 46 Fla. 463, 34 So. 954; City of Pensacola v. Jones, 58 Fla. 208, 50 So. 874. The same rule was reiterated by this

Court in City of Clearwater v. Gautier, 119 Fla. 476, 161 So. 433, and City of St. Petersburg v. Roach, not yet reported.

Plaintiff's Exhibit No. 6 is a photograph of the depression in the parkway into which plaintiff stepped, fell and sustained injuries. The depression does not appear to be on a street or sidewalk, but in a parkway. The power conferred upon municipal corporations by statutes to regulate and control the grading, construction and repair of streets and sidewalks cannot, in the absence of statutory authority, be extended to include a park or parkway within a municipality. The several statutes make it the mandatory duty of a municipality to exercise reasonable diligence in the repair of defective streets and sidewalks after the unsafe condition thereof is known, or ought to have been known to the officers having authority to act. If the municipality fails to discharge its mandatory duty in repairing defective streets and sidewalks, then it is liable in damages for injuries because of the non performance of its duty. The evidence in this case fails to bring the plaintiff within the rule. It was error on the part of the trial court to deny the defendant's motion for a directed verdict.

The judgment appealed from is hereby reversed.

TERRELL, BUFORD and ADAMS, JJ., concur.

THOMAS, J., agrees to conclusion.

BROWN, C. J., and WHITFIELD, J., dissent.