**CITY OF JACKSONVILLE, a municipal corporation, v. WILLIE GREEN.**

9 So. (2nd) 372 En Banc
July 24, 1942

Austin Miller and Eli Finkelstein, for appellant.
Evan T. Evans and B. K. Roberts, for appellee.

PER CURIAM:

This appeal is to review a verdict and judgment in the sum of $500.00 entered against the City of Jacksonville in the Circuit Court of Duval County, Florida, for injuries sustained by Willie Green when she crossed Main Street at the north intersection with Adams Street when traveling from east to west on Sunday afternoon, November 17, 1940. The basis of recovery was the negligence of the City in permitting a hole to remain in about the middle of Main Street and in line with the usual pedestrian travel.

It was alleged that the hole where plaintiff below sustained injuries was about five inches deep and one foot wide and there was no guard against or warning of the hole and that this condition of the street continued to exist for a period of one month prior to the date of the injury. Counsel for the City moved the trial court for a directed verdict on numerous grounds, among which was that the City was without actual notice of the hole and the plaintiff was guilty of contributory negligence which barred a recovery in her behalf. The trial court was of the view that these disputes and conflicts in the testimony were questions for the jury to decide under appropriate instructions upon the law of the case.

The plaintiff below, Mrs. Green, was employed at Jenks Restaurant and lived at the Andrew Jackson Hotel located directly across the street from the restaurant. She had daily for several months prior to the date of injury crossed the street from the restaurant to the hotel and from the hotel to the restaurant. The pedestrian and automobile travel at these intersections was ordinarily very heavy. Plaintiff stepped in the hole and broke her leg just above

the ankle, thereby causing her to lose nine weeks of work and having to expend sums of money necessary for recovery.

On or about July 1, 1940, the City of Jacksonville started at the intersection of Bay and Main Streets to repair the sewer running north therefrom on Main Street. The repair work was done by blocks, when the traveling public would be excluded from the area under repair. The block of Main Street where plaintiff sustained injuries was closed on August 15, 1940, and opened to traffic on August 24, 1940. The sewer line required covering, tamping, and replacement of pavement. It developed that the approved engineering method was to permit or allow time for the area over the sewer to settle and during this interim a flexible temporary pavement was put down to care for the traffic. The hole where plaintiff was injured developed in this temporary flexible wearing surface placed over the sewer line. The permanent pavement was laid at the point where plaintiff was injured sometime after November 17, 1940. The flexible paving surface was permitted for a period of about three months. It is shown that city employees were charged with the duty of reporting holes or excavations in this temporary pavement. The several conflicts and disputes in the testimony was for the jury under appropriate instructions. See City of St. Petersburg v. Roach, 148 Fla. 316, 4 So. (2nd) 367.

Counsel for appellant contends that the case at bar is ruled by City of Tallahassee v. Coles, 148 Fla. 609, 4 So. (2nd) 874. In the latter case the plaintiff was injured while crossing an infrequently traveled street by stepping into a rut. There was no temporary pavement which was allowed to stand for almost

three months, but was a clay street which was dragged about each week.

The judgment is affirmed.

BROWN, C. J., WHITFIELD, TERRELL, CHAPMAN and ADAMS, JJ., concur.

BUFORD and THOMAS, JJ., dissent.

THOMAS, J., dissenting:

I cannot concur in the conclusion reached by a majority of the court.

It was alleged in the declaration that the City, defendant, "for a long time; to-wit, one month prior thereto [17 November, 1940, the date of the injury] carelessly and negligently allowed and permitted a hole [into which plaintiff was said to have stepped] to be and remain in said . . . street." It was also charged "That the defendant knew, or in the exercise of reasonable care should have known of the said condition of said street."

A plea of not guilty was filed and also one "That it is not true, and the defendant denies that it knew or should have known of the condition of said street at said time."

It is my view that the burden was placed on the plaintiff to establish by a preponderance of the evidence existence of the defect in the street for a sufficient length of time to have been discovered and repaired by the City if it exercised reasonable care. City of Tallahassee v. Coles, 4 So. (2nd) 874. In reading the testimony offered by the plaintiff I have found none establishing such a situation.

On the contrary, the foreman of the city highway department, the policeman who directed traffic at the

intersection where plaintiff was injured and the policeman on that beat all testified positively that the depression was not present the day before the incident. The clerk of the highway department, whose duty it was to receive and record reports of defective streets, stated on the witness stand that a search of his records for the month preceeding the date of the mishap revealed no complaint about the condition of the street in that area. No attempt was made to contradict this important testimony.

A City is not an insurer of the users of its streets. Applying this doctrine and bearing in mind the failure of the plaintiff to establish an imperfection of long standing or to rebut proof to the contrary it is my conviction that the plaintiff should not recover.