**EMMA LISK v. CITY OF WEST PALM BEACH, FLORIDA, A MUNICIPAL CORPORATION.**

36 So. (2nd) 197          June Term, 1948
June 25, 1948          Division A
Rehearing denied July 13, 1948

*Harry Goodmark,* for appellant.

*Alley, Drew, Burns & Middleton,* for appellee.

SEBRING, J.:

Flagler Park is a public park under the control and supervision of the City of West Palm Beach. The city maintains benches in the park for the use of the general public, some of these benches being located beneath cocoanut palm trees. While lawfully occupying one of these benches, the appellant was struck by a palm frond which broke off of and fell from a cocoanut palm tree under which she was sitting. The appellant brought suit against the City for the resulting injuries, charging as negligence that the City had failed to keep the park in a reasonably safe condition for people invited to use the facilities provided, in that it had negligently suffered and permitted dead cocoanut fronds to remain on the trees extending over its park benches when it knew or should have known that such dead fronds might break from the trees and fall upon persons lawfully using such benches. At the close of the evidence offered by the appellant to sustain the allegations of her declaration, the trial court granted a motion for directed verdict, and judgment was entered in favor of the City. The appellant has perfected an appeal from the judgment.

The first question which arises upon the appeal is whether or not a municipality is liable in damages for injuries due to negligent conditions in one of its parks open to the free use of the public generally. It is contended by the City that in maintaining a public park a municipality is engaged in a governmental activity discharging a public duty, and hence is not liable for injuries caused through negligent conditions therein. If this contention is correct, the appellant never had a cause of action against the appellee, and the order of

the trial judge granting the motion for instructed verdict could not have been error.

While a sharp division exists in the authorities upon the question of the tort liability of a municipality for injuries growing out of alleged defects in free parks or facilities maintained for the use of the public, we are committed in this jurisdiction to the rule that "where a city, pursuant to charter power, performs a local function for its people it is held to the same degree of care as private persons." Ide v. City of St. Cloud, 150 Fla. 806, 8 So. (2nd) 924. Under this rule the facts charged in the declaration filed by the appellant were sufficient to constitute a predicate for the establishment of liability against the City for its alleged negligent failure to keep its park in a reasonably safe condition for the use of the public. For an extended discussion of the general question involved see annotations in 29 A.L.R. 863; 42 A.L.R. 263; 99 A.L.R. 686; 142 A.L.R. 1340.

The only other question with which we are concerned on this appeal is whether or not the trial judge erred in directing a verdict for the City, on the ground that the plaintiff below had failed to show that the defective condition complained of in the declaration was actually or constructively known to the City.

There is a complete absence of proof in the record of any actual knowledge on the part of the city, or any of its employees, of the alleged defective condition of the palm tree which brought about the injury of the appellant. Unless, therefore, the alleged condition complained of was so open and obvious and had existed for such a length of time that the city in the exercise of due care should have known thereof and remedied it, the appellant could not be entitled to recover, even on the theory of constructive notice. See City of St, Petersburg v. Roach, 148 Fla. 316, 4 So. (2nd) 367; City of Tallahassee v. Coles, 148 Fla. 606, 4 So. (2nd) 874; Johnson v. City of Jacksonville, 157 Fla. 14, 24 So. (2nd) 717.

With respect to the question of the alleged defect in the palm tree and notice thereof to the city the only evidence in the record was that offered on behalf of the appellant. On this issue the appellant testified that the frond was "brown,"

that "it was in pretty bad shape . . . " "a dried weathered frond." A witness, Mrs. Fabio, testified that the frond was "brown, dead looking," and added that she did not observe the condition that existed with reference to the fronds where they joined the tree. Witness Padgett testified that the condition of the trees in the park at the time of the accident was not different from that at the time of trial, and stated that, with regard to trimming cocoanut trees " . . . my experience now in having trees trimmed, cocoanut trees anywhere, you trimmed the park today and you go back there tomorrow and there will be some more hanging down. In other words, a green limb will fall just the same as a dead one." He also stated "Well, sometimes them cocoanut limbs will hang there for two years. I have noticed in the outskirts of the city back where it isn't cared for very much. Those limbs will hang right there. Now, on some cocoanut trees they have been hanging for two or three years. Some of them fall off and some of them don't." Henry DeLoach, a witness for the appellant, saw the cocoanut frond that struck the appellant, immediately after the accident. He testified that it was "brown looking"; that "there was some trash from where the pigeons had been roosting on it." He also stated that the frond wasn't rotten."

We have set out the only evidence presented by the appellant in her attempt to show that the frond which fell from the cocoanut palm tree was in such an obviously defective or rotten condition that the city became charged with constructive knowledge of the defect; and we do not think that the evidence offered was even prima facie proof of the point in issue.

According to appellant's own witness, the palm frond which fell to the ground was not rotten, as charged in the declaration, but at most was merely "brown and dead looking." As to fronds of the cocoanut palm, it is stated by one of the witnesses that green fronds will fall as easily as brown ones and hence the fact that a frond may be brown is no reason for believing that it will break from the tree of its own weight and fall. There was no evidence of any defects in the tree or of any unusual weather conditions prior to the

accident, such as heavy winds or the like, which might have put the City on notice that its palm trees might be in a defective condition and hence need inspecting, or, possibly, trimming. There was no showing of the length of time that the tree from which the fronds fell had remained in its allegedly defective condition prior to the accident and hence there was no factual basis for any determination as to whether or not the city should have known of such condition and should have taken steps to remedy it.

While a party moving for a directed verdict admits not only every material fact stated in the evidence adduced but also every conclusion favorable to the adverse party that a jury might reasonably infer from the evidence, it seems to us that if the City were to be held liable under the facts shown by the record, the effect of the holding would be to make a municipality virtually an insurer of the safety of all persons who frequent its free public parks to take advantage of the facilities offered. That a municipality cannot be held as an insurer of those who use the public parks for their pleasure is well settled by the authorities; the duty in such case being only that of exercising due care under the circumstances of each particular case. Ordinarily the question of due care is for the jury, under appropriate instructions from the court. But where there is no proof offered of actual knowledge, or circumstances from which knowledge can be reasonably inferred, of alleged defective conditions, there can be no factual basis for the imposition of liability because of failure to repair or remedy such conditions and hence there can be nothing for the jury to pass upon.

Even if all the facts stated in the evidence and every conclusion favorable to the appellant are admitted to be true, there was nothing before the trial court at the close of the appellant's case to show actual or constructive knowledge by the City of the alleged defective condition which caused the injury to the appellant. Therefore, the court below did not commit reversible error in granting a directed verdict for the City based upon the ground assigned.

The judgment appealed from is therefore affirmed.

THOMAS, C. J., TERRELL and CHAPMAN, JJ., concur.