Action by Martha J. Foster and husband against the City of Jacksonville for damages, and for personal injuries sustained by named plaintiff when a tree growing in a city parkway demolished the husband's automobile. Verdict for plaintiffs, and defendant appeals.
Affirmed.
An oak tree that grew in a parkway on Eighth Street in the City of Jacksonville blew down in a strong but not inordinate wind, demolished a car owned by the appellee husband, and injured his wife who was driving it. The trial culminated in a verdict for the plaintiffs, and the defendant appealed.
It was charged in the declaration that the city was neglectful of its duty when it permitted the tree to become insecure in its roots, a condition that was known, or in the exercise of reasonable care, should have been known, to the city, and that as a direct result of this negligence the plaintiffs were damaged.
Only one question is posed by the appellant; that is, whether there was sufficient evidence that it was put upon notice of the unsafe condition of the tree, the appellant contending that in appearance the tree was healthy and that its defectiveness was not learned until the roots were exposed when the tree toppled; while the appellees insist *Page 549 
that evidence of decay was plainly visible before the tree fell. From a perusal of the record it appears to us that there was sufficient testimony to lead the jury to the conclusion that a white fungus growth appeared on the tree at the earth line and that this indicated decay of the root structure and the inevitable weakening of the foundation. There is testimony also that there was a decayed place at the bottom of the trunk which was perceptible before the tree fell. Although the tree, to a casual observer, would have appeared to be alive because of its green leaves, we think an inspection of the trunk near the ground line would have shown it to have become so diseased as to constitute a potential danger, and the jury reasonably deducted that this condition, from its very nature, had existed for such length of time as to charge the city with awareness of it.
While a city is not an insurer of the motorist or the pedestrian who travels its streets and sidewalks, City of St. Petersburg v. Roach, 148 Fla. 316, 4 So.2d 367, it is responsible, of course, for damages resulting from defects which have been in existence so long that they could have been discovered by the exercise of reasonable care, and repaired. This rule was applied to parks in the case of Lisk v. City of West Palm Beach, Fla., 36 So.2d 197. Unquestionably the rule is apropos of such a set of facts as we deal with here. Chase v. City of Lowell, 151 Mass. 422, 24 N.E. 212. See other cases collected in 72 A.L.R. at page 616.
Trees with rotted roots are a real menace when located near a street or a sidewalk, in a park or a playground Should an evergreen tree shed its leaves or a deciduous tree lose its leaves unseasonably, the ordinary observer would realize the danger that the tree might topple to the earth. When an evergreen such as we have in this case bears the general appearance of health because it retains its leaves, although the root system is in fact largely decayed, the danger is genuinely insidious. The condition would not be immediately apparent to passersby in an instance like the present, but could be detected by an inspection because of the telltale fungus growth and the decayed place, or hole, which one of the witnesses described.
In all the circumstances developed in the testimony we think the jury was clearly justified in the conclusion that by the exercise of reasonable care the defect could have been found, the danger obviated, and the damage prevented.
Affirmed.
ADAMS, C.J., and TERRELL, and BARNS, JJ., concur.