60 So.2d 174 (1952)
MULLIS et vir.
v.
CITY OF MIAMI.
Supreme Court of Florida, en Banc.
August 1, 1952.
*175 Nichols, Gaither & Green, Miami, for appellants.
Walton, Hubbard, Schroeder, Lantaff & Atkins, J.W. Watson, Jr., S.O. Carson and John H. Wahl, Jr., all of Miami, for appellee.
ROBERTS, Justice.
This is an appeal from a judgment of non-suit entered in proceedings below wherein Mr. and Mrs. Mullis, appellants here, sought to recover their respective damages for injuries suffered by Mrs. Mullis when she stepped into a hole caused by an uncovered monument marker in the middle of a public street in the City of Miami, Florida. At the close of plaintiffs' case, the trial judge indicated that he would grant defendant's motion for a directed verdict, and the plaintiffs thereupon took a voluntary non-suit. Thereafter, motion for new trial was denied, judgment for non-suit entered, and this appeal followed, pursuant to the provisions of Section 59.05, Florida Statutes, F.S.A.
The plaintiffs' declaration was in two counts to allege the respective damages of Mr. and Mrs. Mullis; however, the cause of action alleged in each count was identical, to wit: that the City of Miami did "* * * so negligently remove or permit to be removed, the covering of a certain indenture of the said street described as an iron monument marker, and did so negligently fail to replace the said cover of the said indenture in the said street and did further negligently fail to make reasonable inspections to ascertain the absence of said covering that as a result thereof a hole was present in said street approximately 5 inches wide and 5 inches deep and that the said hole had existed for a long period of time and the defendant knew, or by exercise of reasonable care should have known, of the existence of said condition and when the said defendant had for a long period of time prior thereto, wrongfully, carelessly and negligently suffered and permitted the said street to remain in a dangerous and unsafe condition."
The plaintiffs adduced evidence to prove that the monument marker had been installed by the city in a city street; that the cover thereof had been absent for some years prior to the accident of Mrs. Mullis; and that the absence of the cover resulted in a hole in the street of the dimensions alleged. It was also shown that Mrs. Mullis had moved to Miami from Jacksonville only two weeks prior to the accident and had been on the street involved only once prior thereto. The plaintiffs did not, however, offer any evidence that the city had removed the cover and failed to replace it. The trial judge was of the opinion that proof of these allegations was necessary to a recovery by plaintiffs under the cause of action alleged by them and that, in the absence of such proof, a verdict should be directed for defendant. We cannot agree with the trial judge in this respect.
It appears to be a well established rule that where acts of negligence are pleaded and established by such proof *176 as will render defendant liable, it is not a material variance that other acts of negligence were alleged but not proved, if such allegations could not have misled defendant. 65 C.J.S., Negligence, § 202, page 952; Holstun & Son v. Embry, 124 Fla. 554, 169 So. 400, citing 45 Corpus Juris, Negligence, page 1127. We do not understand that the defendant is here contending that it was misled; and indeed, the record shows that in the opening statement to the jury by counsel for defendant it was stated that "The plaintiff has alleged against the city that the iron cover which covers this depression * * * was missing, and this lady fell in it  and it had been missing long enough for the city to know about it. That is the negligence they are alleging." The declaration was not attacked on the ground of duplicity, so that the duplicity, if any, in the declaration must be deemed to have been waived. Blue v. Staten, 84 Fla. 274, 93 So. 686; Florida East Coast Ry. Co. v. Anderson, 110 Fla. 290, 148 So. 553.
On the general question of the defendant's liability, we think there was sufficient testimony to require the submission of this question to the jury. "While a city is not an insurer of the motorist or the pedestrian who travels its streets and sidewalks, City of St. Petersburg v. Roach, 148 Fla. 316, 4 So.2d 367, it is responsible, of course, for damages resulting from defects which have been in existence so long that they could have been discovered by the exercise of reasonable care, and repaired." City of Jacksonville v. Foster, Fla., 41 So.2d 548, 549. See also City of Miami Beach v. Quinn, 149 Fla. 326, 5 So.2d 593; City of Tampa v. Easton, 145 Fla. 188, 198 So. 753; Barth v. City of Miami, 146 Fla. 542, 1 So.2d 574; City of Daytona Beach v. Humphreys, Fla., 53 So.2d 871.
The question of the contributory negligence of Mrs. Mullis was likewise one for the jury. The fact that it affirmatively appeared thtat she was crossing the street at a point outside of the crosswalk does not constitute contributory negligence as a matter of law, Brandt v. Dodd, 150 Fla. 635, 8 So.2d 471; nor do we consider her testimony that she did not see the hole until after she fell to be conclusive on the question of her contributory negligence.
"The court should not direct a verdict for the defendant, unless it is clear that there is no evidence whatever adduced that could in law support a verdict for plaintiff." Johnson v. Louisville & N.R. Co., 59 Fla. 305, 52 So. 195, 196, cited in Bryan v. Loftin, Fla., 51 So.2d 724, 725. It was, then, error for the trial judge to do so in the instant case.
The plaintiffs also contend here that the trial judge erred in excluding certain evidence proffered by them with respect to services rendered by the wife to the husband prior to the time of the accident; and, since it appears that a decision on this point will be of considerable importance to the plaintiffs on a re-trial of this cause, we will now deal with it here.
The plaintiffs proffered evidence respecting their custom of keeping roomers in their home in Jacksonville prior to their removal to Miami. This evidence would also have shown that they planned, upon coming to Miami, to continue this practice, but that they did not at the time of the accident have any roomers in their home because of the presence there temporarily of their daughter and her infant son. They also proffered to prove that, following the accident, they were presented with an opportunity to manage an apartment hotel in return for which they would have been given a free apartment, plus all the utilities, which they were forced to decline because of Mrs. Mullis's injuries. The trial judge indicated that evidence as to any roomers who were living in the Mullis home at the time of the accident would be admissible, but was of the opinion that evidence as to their practice in the past of taking roomers was inadmissible. He also excluded the evidence as to the opportunity presented to the plaintiffs after the accident on the ground that it was speculative.
Solely on the question of the admissibility of such evidence  and apart from any question respecting the sufficiency *177 of the pleading to support such proof  we think that such evidence was relevant to the question of the damages sustained by reason of the impairment of Mrs. Mullis's working or earning capacity. And, under the circumstances shown by the proffered evidence, it appears that such damages could properly be asserted by Mr. Mullis as a loss to him of her services over and above the usual domestic services performed by a wife. (But see the cases collected in the annotation in 151 A.L.R. beginning at page 479 on the question of whether the wife or the husband is entitled to collect damages for the impairment of the wife's earning capacity.) The fact that they were not, at the time of Mrs. Mullis's injury, actually keeping roomers does not bar under the facts in this record a recovery for the loss of her earning capacity, because the measure of the loss is her capacity to earn, not her actual earnings. See McIver v. Gloria, 140 Tex. 566, 169 S.W.2d 710; Railway Express Agency v. Standridge, 68 Ga. App. 836, 24 S.E.2d 504. Florida Greyhound Lines v. Jones, Fla., 60 So.2d 396.
We do not think, however, that the evidence as to the actual amount derived from taking in roomers in a different locality is proper data for the jury to consider in determining damages for the impairment of Mrs. Mullis's earning power. The profits from keeping roomers in one locality are not necessarily the same as those in another locality; nor did the proffered testimony show that the amounts taken in were the result solely of the labors of Mrs. Mullis. See City of Pueblo v. Griffin, 10 Colo. 366, 15 P. 616.
For the reasons stated, the judgment appealed from should be and it is hereby reversed and the cause remanded for new trial.
Reversed and remanded.
SEBRING, C.J., and CHAPMAN and HOBSON, JJ., concur.
THOMAS and MATHEWS, JJ., dissent.
TERRELL, J., not participating.