SEBRING, Justice;
.The defendant below- has appealed' from a final judgment rendered in favor of the plaintiff, in a personal'injury-action. ,
From the record it appears that oh the afternoon of September 26, 1951, the plaintiff; Ruth Duchine, moved into: a residence fronting on -the west: side of North -East Second Avenue in Fort Lauderdale.- That night, after dark, she .left her home and walked south along the west sidewalk of the avenue to its intersection with North East Twelfth ■ Street, approximately one-half block away. She then crossed east over the intersection along the path maintained for pedestrian traffic. ■ After she had proceeded a short distance along North East Twelfth Street she heard her dog barking inside her house.' Thereupon, she stopped and retraced her steps to North East Second Avenue. At that point she proceeded northerly -along the east sidewalk of the avenue until she arrived at a position approximately opposite her residence. Then she turned westerly and started walking directly across the avenue toward the house.. As she reached the point on the westerly side of the avenue where the paving joined the sandy shoulder, which was approximately 3 to 4 inches lower than the pavement, she stumbled and fell and sustained injuries. - ■
Mrs. Duchine -instituted suit against the city and recovered a judgment for damages *898 for the injuries sustained as the result of her fall, upon the theory that the defendant was guilty of negligence “in creating a dangerous condition in said street by paving a portion of said street and thus raising its height above the sandy strips adjoining the paved portion by at least 3 or 4 inches, making said street unsafe and dangerous for use of pedestrians * *
The question is whether upon the facts stated the defendant below was liable for the injuries sustained by the plaintiff, or whether the court below erred in denying defendant’s motion to set aside the verdict and enter judgment in its favor.
We are of the opinion that this question must be answered in favor of the defendant under our holding in City of Tallahassee v. Coles, 148 Fla. 606, 4 So.2d 874, 875. Assuming Mrs. Duchine’s version of the accident to be true, it is apparent that she crossed an unlighted and unfamiliar street in the nighttime at a point not intended for use by pedestrian traffic. According to her own testimony, the reason she fell was that in crossing the street she placed her foot in such a manner that half of her foot was on the pavement and the other half extended above the sand shoulder, with the result that when her toe .came in contact with the shoulder she lost her balance and fell. The “drop-off” area where she stumbled was not due to a hole or defect existing at one spot, but was a condition that was of a general nature throughout the entire length of the parkway between the pavement and the sidewalk extending from in front of plaintiff’s house to the intersection of the avenue with North East Twelfth Street. The. condition of the street, as described by the plaintiff,, is virtually the same condition that is likely to prevail anywhere that an unpaved shoulder or parkway joins a paved street.
Under these circumstances we fail to hnd that the-city was guilty of negli.gence proximately causing the injury to the plaintiff. As was stated in City of. Tallahassee v. Coles, supra, “while it is true that a definite responsibility is placed upon a municipality to keep streets, that is, the space between the property lines, reasonably safe for use by the public, we think that in determining the propriety of the discharge of that duty the court must consider the use intended for particular parts of those streets, thus, a municipality should only be required to keep a specified portion of the street in a condition reasonably safe for the kind of traffic intended for it. * * * It would place an insuperable burden upon municipalities * * * to fasten upon them the responsibility of keeping all that part of the street used for conveyances in such condition that they could be used by pedestrians with equal safety. * * * To extend the doctrine * * * to that end would unquestionably make of each municipality an insurer. * * * ” Compare City of Miami Beach v. Quinn, 149 Fla. 326, 5 So.2d 593; Kitchen v. City of Jacksonville, 158 Fla. 621, 29 So.2d 441.
The facts in Mullis v. City of Miami, Fla., 60 So.2d 174, distinguish that case from the one at bar. The unsafe condition which allegedly caused Mrs. Mullis’ injuries was not one ■ involving generally prevailing standards of street construction, but was the existence of a hole five inches in width and depth, indisputably a defect in the surface of the city street caused by the removal of a monument marker some years before the accident. The court rejected certain testimony proffered in regard to public use of the street, but it appears from the original record in the cause that sidewalk facilities were not provided, and therefore, as maintained to the knowledge of the city, the street was not in a reasonably safe condition for the use to which it would of necessity have to be put by pedestrians as well as vehicles. Procedurally the Mullis appeal involved a compulsory nonsuit taken by plaintiffs when the court indicated at the close of plaintiffs’ testimony that a verdict would be directed for defendant. Indulging all reasonable presumptions in favor of plaintiffs;' as is required at that juncture, it was the view of this Court that the trial should have been allowed to proceed — the thesis of the opinion being that even in respect to:a strip maintained primarily for vehicular traffic it could not be said as a matter of law that *899 pedestrians are precluded absolutely from using the strip except at their peril. 'For the reasons stated the decision is not here controlling.
The judgment appealed from should he and is hereby reversed, with directions that judgment be entered for defendant in accordance with the views herein set forth.
It is so ordered.
ROBERTS, C. J., and TERRELL and MATHEWS, JJ., concur. , .