PEARSON, Judge.
The City of Miami, defendant in the trial court, appeals from a final judgment entered upon a jury verdict for the plaintiff in an action for personal injuries. The negligence found was that the city carelessly maintained its street so that a pothole developed and existed for a sufficient period of time that the city was upon constructive notice thereof. The appellant filed twenty-four assignments of error; all of which urge that the court should have directed a verdict for the defendant, either, (a) at the conclusion of the case for the plaintiff, or (b) at the close of the testimony, or (c) after verdict.
A careful review of the record in the light of the briefs presented reveals that there was sufficient evidence upon the questions of the dangerous condition of the street and of notice to the city for the determination of their existence to be made by the jury. See City of St. Petersburg v. Roach, 1941, 148 Fla. 316, 4 So. 2d 367.
It is ably argued that inasmuch as the plaintiff was crossing the street in the middle of the block and not at a designated crosswalk, she was guilty as a matter of law of negligence contributing to her own injury. There is conflicting evidence as to the existence at the time of the accident of marked crosswalks in the area. It has been decided that the crossing of a street at a point outside of the crosswalk does not constitute contributory negligence as a matter of law. Brandt v. Dodd, 150 Fla. 635, 8 So.2d 471; Mullis v. City of Miami, Fla.1952, 60 So.2d 174.
Affirmed.
CARROLL, CHAS., C. J., and HORTON, J., concur.