448 So.2d 39 (1984)
CITY OF PENSACOLA, Appellant,
v.
Christopher G. STAMM and Barbara Ann Stamm, Husband and Wife, and Historic Pensacola Preservation Board, Appellees.
No. AR-307.
District Court of Appeal of Florida, First District.
March 30, 1984.
Rehearing Denied April 26, 1984.
*40 Joe J. Harrell and Robert C. Palmer, III of Harrell, Wiltshire, Stone & Swearingen, Pensacola, for appellant.
Richard P. Warfield of Levin, Warfield, Middlebrooks, Mabe, Thomas, Mayes & Mitchell, Pensacola, for appellees.
Robert P. Gaines of Beggs & Lane, Pensacola, for appellee/cross-appellant.
ZEHMER, Judge.
Barbara Stamm, while attending an arts festival at a public park in downtown Pensacola, walked across a strip of grass located between a park sidewalk and the adjoining street that had been closed for the festival in order to purchase food at a concession stand. The stand was parked in the street next to the curb and had an open service window facing the grass strip. As she left the concession stand, Mrs. Stamm turned and walked several steps to a large trash container located on the grass strip, stepped into a concealed hole directly in front of the container, and broke her ankle.
Mrs. Stamm filed a complaint alleging negligence against the City of Pensacola, which owned the property; the Historic Pensacola Preservation Board, which had a long-term lease on the park; and the Pensacola Arts Council, which had a short-term lease on the park for purposes of the arts festival. The jury returned a verdict in favor of plaintiff and her husband in the amount of $75,000 and, further, found that the city of Pensacola was seventy percent negligent and the Preservation Board was thirty percent negligent. The jury found the Pensacola Arts Council not guilty of negligence. The city of Pensacola appeals the final judgment, and the Preservation Board cross-appeals.
*41 Initially, the city of Pensacola argues that it cannot be held liable for the injury occurring within the grass strip between the sidewalk and the street because it was not under an affirmative duty to maintain that area for public use. We must disagree under the peculiar facts of this case. Here, it was reasonably foreseeable that members of the public would walk on the grass area in question to enter or leave the park. The city approved the closing of the adjacent street so that persons might walk freely upon it. There was ample evidence from which the jury could conclude that the city had constructive, if not actual, knowledge of the existence of the concealed hole many months prior to the accident. City workmen had apparently removed a tree, resulting in the hole, and city employees continued to maintain the grass strip up to the date of the accident.
The city relies upon numerous cases which hold that a municipal corporation does not have a duty of care to maintain grass strips located in swales or parkway areas. City of Miami Beach v. Quinn, 149 Fla. 326, 5 So.2d 593 (1942); Kitchen, et al. v. City of Jacksonville, 158 Fla. 621, 29 So.2d 441 (1947); Dramstadt v. City of West Palm Beach, 81 So.2d 484 (Fla. 1955); Musetto v. City of Miami Beach, 82 So.2d 595 (Fla. 1955); Lisk v. City of West Palm Beach, 160 Fla. 632, 36 So.2d 197 (1948); Kass v. City of Miami Beach, 436 So.2d 1086 (Fla. 3d DCA 1983). All of these cases are distinguishable. None involve, as does this case, a grass area upon which the injured person was virtually invited to walk. The grass areas in these cases were not intended to be used by pedestrians.
Appellant also argues that the trial court erred in determining that plaintiff was an invited licensee rather than an uninvited licensee. According to Post v. Lunney, 261 So.2d 146 (Fla. 1972), and Wood v. Camp, 284 So.2d 691 (Fla. 1973), there are three classifications of persons who are entitled to reasonable care from a landowner: (1) business invitees, (2) public invitees, and (3) licensees by invitation. With respect to these three classes of people, a landowner must keep his property reasonably safe and must protect the visitor from dangers of which the landowner is or should be aware. Post v. Lunney, supra. The trial court determined that plaintiff was an invited licensee on the city's property. We prefer to classify the plaintiff as a public invitee; but since the standard of care is identical with respect to each classification, the trial judge's ruling on this issue is not reversible error.
The final point raised by the city of Pensacola is that section 375.251, Florida Statutes (1981), which provides a limitation on the liability of persons making property owned by them available to the public without charge for recreational purposes, should be applied to the city to relieve it of liability. We reject this contention because, as was held by the Second District in Chapman v. Pinellas County, 423 So.2d 578 (Fla. 2d DCA 1982), a governmental entity is not a "person" within the meaning of this statute. In our opinion, section 375.251 is intended to encourage private persons or entities to make their property available for public recreational use without being subject to liability for unknown hazardous conditions. The motivation of private persons to offer their property for recreational use by the public free of charge is the obvious purpose of this statute. A governmental body, on the other hand, needs no such motivation because its principal purpose for owning public park land is to make the park available for public use.
On cross-appeal, the Historic Pensacola Preservation Board argues that it should not be held liable to Mrs. Stamm because her injury did not occur on property leased to the Board. The evidence shows that the property described in the Board's long-term lease did not extend to the adjacent street but extended only to the edge of the sidewalk along the grass strip. Mrs. Stamm argues that the Preservation Board should nevertheless be held responsible for her injury because the area of the accident was immediately adjacent to the leased premises constituting an approach *42 into or out of the park property that was frequently used by park visitors and, further, because the Board actually participated in maintaining the entire park, including the grass strip in question, and knew or should have known of the dangerous condition. We agree with Mrs. Stamm's argument and affirm the judgment against the Preservation Board. The Board cites Margrabe v. Graves, 97 So.2d 498 (Fla. 1st DCA 1957), and Britz v. LeBase, 258 So.2d 811 (Fla. 1972) in support of its position. Those cases, however, are distinguishable because in the present case Mrs. Stamm was clearly invited to walk across adjacent premises that were actually maintained by the Board.
The Board also argues that Mrs. Stamm was not an "invited licensee" as to the Preservation Board because she was not injured on property being leased by the Board. We disagree. Mrs. Stamm was a public invitee and was invited onto the park property being leased by the Board. The adjacent strip of grass upon which the injury occurred was maintained by the Board and constituted property that was reasonably expected to be used as an entrance to or exit from the park.
The final point made by the Board is that section 375.251, Florida Statutes (1981), should be applied to relieve it of liability to appellees. We reject this contention because the Board is a governmental entity charged with the responsibility of acquiring and maintaining property for the general welfare of the people and their use and enjoyment of such property for recreational purposes. § 266.101, Fla. Stat. (1981). As previously stated, section 375.251 is intended to encourage private persons and entities to open their private lands for public recreational use; it is not intended to protect governmental entities already charged with that responsibility. Chapman, supra.
AFFIRMED.
THOMPSON and WIGGINTON, JJ., concur.