# RODRIGUEZ v CITY OF MIAMI, etc., et al.

## Case No. 85-52912-CA-25

Eleventh Judicial Circuit, Dade County

June 9, 1987

### APPEARANCES OF COUNSEL

**Gary E. Garbis** for plaintiff.

**Jorge L. Fernandez,** Deputy City Attorney, for defendant city of Miami.

**James S. Usich** for defendant Florida Power & Light Company.

**Lawrence B. Craig III** for defendant Southern Bell Telephone & Telegraph Company.

**Donald Mates** for defendant Miami-Dade Water & Sewer Department.

## OPINION OF THE COURT

PHILIP BLOOM, Circuit Judge.

This matter came before the Court on Thursday, March 19, 1987, on Defendant, CITY OF MIAMI's Motion for Summary Judgment.

And the Court, having been duly advised in the premises and carefully considered the parties' memoranda of law and oral arguments, has determined that there is no genuine issue as to any material fact, and that CITY OF MIAMI is entitled to a judgment as a matter of law and hereby GRANTS said Motion for Summary Judgment.

The Court further finds that the undisputed facts are as follows: On December 24, 1984, the Plaintiff, AVELINO RODRIGUEZ, was walking to his neighborhood Winn-Dixie store. He was walking west on the southside of Southwest 16th Street near the intersection of 36th Avenue when he tripped and fell on the sidewalk. The area in which Rodriguez was walking was under construction at the time. Rodriguez states in his deposition that he was aware of the defects in the sidewalk.

The Defendant, CITY OF MIAMI, had undertaken to resurface the streets in the above mentioned area. The established procedure used by the CITY is to send a notice of the CITY's decision to resurface a given area to the appropriate utility companies. Before the City would start the resurfacing work, the utility companies were given a permit to make the changes and repairs to their equipment and systems in the area. While performing their repairs and changes, the utility companies, Co-Defendants, FLORIDA POWER AND LIGHT, SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY, and MIAMI-DADE WATER & SEWERAGE DEPARTMENT accepted full responsibility for all damages or claims that might arise as a result of their work. At the date of Rodriguez' accident on December 24, 1984, the above mentioned utility companies were working in the area in question and the CITY had not begun the resurfacing work.

Rodriguez, in an attempt to hold the CITY liable for his accident, argued that the CITY created the defective condition; that the CITY knew or should have known of the existence of the defective sidewalk and had sufficient time to correct it, that the CITY may be held liable for the negligence of independent contractors, and that the CITY had control over the sidewalk upon which Rodriguez fell and had a duty to keep it safe.

This Court finds as a matter of law that CITY is entitled to a summary judgment. First, the CITY did not create the defective

**19**

condition nor did it know or should it have known of the existence of the defective condition. Pursuant to the Supreme Court of Florida, one may not recover for injuries resulting from defective sidewalks unless it be shown that the sidewalk was not reasonably safe, and that the flaw had been there a sufficient length of time for the municipal corporation to have discovered it by the exercise of reasonable care and to have repaired it. *City of St. Petersburg v. Roach*, 148 Fla. 316, 4 So.2d 367 (1941). See also, *Hannewalker v. City of Jacksonville*, 402 SO.2d 1294 (Fla. 1st DCA 1981), *affirmed* 419 So.2d 308 (Fla. 1982).

In the instant case, no evidence exists showing the CITY had any knowledge of the condition of the area where Rodriguez fell, nor was there any direct evidence that the condition had existed for such time that the CITY should have known of it and corrected it.

Second, under Florida law, an owner who hires an independent contractor is generally not liable for injuries sustained by the contractor's employees in their work. *Crawford v. Florida Steel Corp.*, 478 So.2d 855 (Fla. 1st DCA 1985); *Van Ness v. Independent Construction Co.*, 392 So.2d 1017 (Fla. 5th DCA), *review denied* 402 So.2d 614 (Fla. 1981). An owner has the right to inspect the work of an independent contractor to determine that the work conforms to the contract and he reject unsatisfactory work and demand that it be made satisfactory. Reservation of that right, through an owner, is not a usurpation of control and does not change an owner from a passive non-participant to an active participant. *Van Ness v. Independent Construction Company*, 392 So.2d 1017 (Fla. 5th DCA 1981); *Pet. Den.* 402 So.2d 614 (Fla. 1981).

In *Coudry v. City of Titusville*, 438 So.2d 197 (Fla. 5th DCA 1983), the Appellate Court upheld the decision of the trial court granting a Summary Judgment in favor of the Defendant, when an independent contractor negligently performed the work.

In *Coudry*, the court stated:

. . . [t]he CITY is not an insurer against the independent negligent acts of others including its own independent contractor, merely because their negligence occurs on or in a city street.

In our case, which is almost the same factual situation as in *Coudry*, the CITY was not in control of the area when the accident occurred. The utility companies had authority to work in the area under franchise agreements which the City entered into upon passing Ordinances No. 9064 and 9072. In said agreements, the utility companies had accepted responsibility for all accidents or claims that might have occurred while engaged in the performance of their tasks.

20

In addition, the CITY was not trying to avoid liability for preexisting defects, but rather as in *Coudry* supra, the defect complained of was caused, if at all, by the negligence of the utility companies who were responsible for the daily operations of their work in the area in question. The Court in *Coudry* stated that the effect of nonliability should be equally applied to a governmental entity as to a private entity and therefore that Court relieved the governmental entity of any liability.

Third, the CITY also owed no duty to Plaintiff as a result of an independent contractor's negligence. It is generally recognized that one who engaged an independent contractor to perform a job for him without reserving control and direction for the work, will not become liable for the negligence of an employee of the independent contractor. See *City of Mount Dora v. Voorhees*, 115 So. 2d 586 (Fla. 2d DCA 1959). The Court in *City of Mount Dora* went on to state that there are, however, two theories upon which an employer of an independent contractor may be held liable in that situation. First, by interfering or meddling with the job to the extent of assuming the detailed direction of it and thus becoming the master of the independent contractor's employee. Second, by committing some act of negligence for which the prime-employed would be liable irrespective of the employer-independent contractor relationship. Here, since CITY can neither be said to have interfered or meddled with any of the utilities' duty to maintain the area while it was under construction nor could it be said that CITY committed any act of negligence when in fact it owed no duty to Plaintiff for the utilities' negligent acts. Therefore, since the CITY did not reserve control or direction over the work involved in this action, CITY could not be held liable for the negligence of the independent contractor.

Fourth, the Third District Court most recently reversed and remanded with directions *City of Miami, et al. v. Perez, et al.*, Case No's. 85-2184; 85-2185; 85-2189; 85-2240 (June 2, 1987) by holding that the City of Miami, as owner of a construction site, was not liable, under any exception to the Appellee, Perez, and that the trial court committed reversible error in denying the City's Motion for directed verdict. That Court further ordered that upon remand, the trial court is to enter a judgment of no liability in favor of the City.

Based upon the foregoing reasoning and the authorities cited,

IT IS HEREBY ORDERED AND ADJUDGED that the City of Miami's Motion for Summary Judgment is GRANTED, that City of Miami be and hereby is awarded Final Judgment and that Plaintiffs,

**21**

Avelino Rodriguez and Delia Rodriguez, take nothing as against the CITY OF MIAMI.

This Court shall reserve jurisdiction in this cause for the purpose of hearing and determining the amount of costs to be awarded.

DONE AND ORDERED at Miami, Dade County, Florida this 9th day of June, 1987.