578 So.2d 302 (1991)
Ellis AYERS, Jr. and Carol Ayers, Appellants,
v.
The CITY OF MIAMI and Peoples Gas System, Inc., Appellees.
Nos. 90-1363, 90-1206.
District Court of Appeal of Florida, Third District.
March 12, 1991.
Rehearing Denied May 1, 1991.
*303 Chonin & Sher and Marilyn Sher, Coral Gables, for appellants.
Adams, Hunter, Angones, Adams, Adams & McClure and Christopher Lynch, Jorge L. Fernandez and Kathryn S. Pecko and Charles C. Mays, Miami, for appellees.
Before SCHWARTZ, C.J., and BARKDULL and GERSTEN, JJ.
BARKDULL, Judge.
In these consolidated appeals the plaintiffs/appellants, Ellis Ayers, Jr. and his wife Carol, appeal from the entry of two adverse Summary Final Judgments in a negligence action.
On the evening of January 7, 1988, the plaintiff/appellant, Ellis Ayers, Jr., while en route to a laundromat, crossed N.W. 16th Street, from the north side of the street, where his apartment is located, to the south side of the street. Mr. Ayers did not cross at the intersection. As Ayers was crossing the street in what was described as a "catty corner" manner, a car rounded the corner and proceeded down the street towards him. In an effort to avoid being hit by the oncoming car, in his flight to the sidewalk on the south side of the street, Ayers stepped into an uncapped gas valve box, which was six to eight inches in circumference, thereby injuring himself. It was alleged by the plaintiff that the gas valve box cover had been missing for at least two weeks. The portion of N.W. 16th street where the incident occurred is located in and maintained by the City of Miami. Peoples Gas owned the gas valve box.
The Ayers filed a negligence action against the City of Miami and Peoples Gas, which alleged that the defendants negligently failed to correct an unsafe condition, of which they knew or should have known about. The defendants answered and moved for Final Summary Judgment. The trial court granted both motions. These appeals follows.
The trial court erred in granting Final Summary Judgment for the defendants. The fact that the discrete and sizable hole in which the plaintiff was injured was in a portion of the street that was outside the cross-walk or intersection, did not, as a matter of law, relieve the defendants of their duty to pedestrians to exercise reasonable care in the repair of that portion of the street.
The evidence was subject to the construction that the condition had existed for a period in excess of two to three weeks. Under the circumstances, the fact of constructive notice became an issue to be presented to a jury. See City of St. Petersburg v. Roach, 148 Fla. 316, 4 So.2d 367 (1941); Camina v. Parliament Insurance Co., 417 So.2d 1093 (Fla. 3d DCA 1982); Packer v. Winston Tower 100 Assoc., Inc., 377 So.2d 46 (Fla. 3d DCA 1979); City of Miami v. Lawson, 104 So.2d 600 (Fla. 3d DCA 1958).
*304 The fact that the plaintiff knew of the condition goes to his comparative negligence, and not to the defendant's liability in the first instance. See Hoffman v. Jones, 280 So.2d 431 (Fla. 1973); Lynch v. Brown, 489 So.2d 65 (Fla. 1st DCA 1986); Kolosky v. Winn Dixie Stores, Inc., 472 So.2d 891 (Fla. 4th DCA 1985); Taylor v. Tolbert Enterprises, Inc., 439 So.2d 991 (Fla. 1st DCA 1983); Metropolitan Dade County v. Yelvington, 392 So.2d 911 (Fla. 3d DCA 1980); Bennett v. Mattison, 382 So.2d 873 (Fla. 1st DCA 1980); Heath v. First Baptist Church, 341 So.2d 265 (Fla. 2d DCA 1977); § 343A, Restatement (Second) of Torts.
Therefore, since genuine issues of material fact remain, the final summary judgments are reversed and the matter is returned to the trial court for further proceedings. Holl v. Talcott, 191 So.2d 40 (Fla. 1966).
Reversed and remanded.