322 So.2d 79 (1975)
Carmen PEDONE et al., Appellants,
v.
FONTAINEBLEAU CORP., a Florida Corporation D/B/a Fontainebleau Hotel and Cosmopolitan Mutual Insurance Company, a Foreign Corporation, Appellees.
No. 75-14.
District Court of Appeal of Florida, Third District.
November 4, 1975.
Rehearing Denied December 1, 1975.
Caiden, Rothenberg, Kogan, Kornblum & Benjamin, Miami, for appellants.
Pyszka, Kessler, Adams & Solomon, Richard Gale, Miami, for appellees.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
The plaintiffs, Carmen Pedone, mother of Nitto Pedone, deceased, and Edmundo Potts, administrator of the deceased's estate, appeal from a directed verdict in favor the defendants, Fontainebleau Corporation, d/b/a Fontainebleau Hotel and Cosmopolitan Mutual Insurance Company, granted during a jury trial at the close of the plaintiffs' case. This action stems from the fatal drowning of Nitto Pedone in the Fontainebleau Hotel's swimming pool.
On the afternoon of June 24, 1971, Nitto Pedone and a high school friend, Raymond Diaz, who worked as a part-time helper in the kitchen of the Fontainebleau, walked from the public beach up to the Fontainebleau Hotel pool deck, took off their T-shirts and went into the pool. After being in the water for approximately 30 to 45 minutes, Raymond, feeling uncomfortable, since he knew that employees were not allowed to swim in the pool, got out. Nitto, who had been hyperventilating to stay under the water for longer periods of time, *80 remained in the pool. A few minutes after leaving the pool, Raymond heard a commotion. Nitto had been observed face down in the pool and had been pulled out. After some 15 minutes of attempted resuscitation, according to a doctor present at the time, there was no appearance of life. Suit was filed against the hotel for negligence for alleged failure to have lifeguards and adequate safety equipment and failure to exercise care required under the circumstances. The matter proceeded to a jury trial. Following the plaintiff's case, the trial judge directed a verdict in favor of the defendant hotel.
The plaintiffs raise three points on appeal. (1) A land owner is liable to a trespasser for injuries sustained by him as a result of the active negligence of the land owner where the presence of the trespasser is known or should be known to the land owner. (2) Nitto was an invitee and not a trespasser at the time of his death since when he came upon the hotel premises he "befriended" two young guests of the hotel. (3) The court erred in refusing to admit into evidence the Florida Department of Health and Rehabilitative Services, Division of Health, Rules and Regulations regarding swimming pools and bathing places.
As to the first point raised on appeal, the unwavering rule as to a trespasser is that the property owner is under the duty only to avoid willful and wanton harm to him and upon discovery of his presence to warn him of known dangers not open to ordinary observation. Hix v. Billen, Fla. 1973, 284 So.2d 209; Wood v. Camp, Fla. 1973, 284 So.2d 691. From the record, there is no evidence suggestive of any willful or wanton intent on the defendants' part, nor is there evidence in the record to show that the defendants knew or should have known of the presence of Nitto Pedone. In fact, Raymond Diaz testified that he and Nitto took their shirts off and went right into the water and they stayed in the water so that no one would be able to see and identify them. They deliberately attempted to conceal themselves to avoid discovery and ejection from the premises. Nitto was a trespasser and there is no reason to impose a greater duty of care on the hotel than that imposed by law.
The second and third points raised by the appellants are also not well taken. In the context of the facts presented, we find that Nitto's conversation with two hotel guests did not change his status from trespasser to invitee. We also find no error in the trial court's refusal to admit into evidence the Department of Health swimming pool rules since the only duty the hotel owed to Nitto as a trespasser, was to refrain from committing a willful or wanton injury to him.
For the reasons stated, and upon the authorities cited, the judgment herein appealed is affirmed.
Affirmed.