422 So.2d 978 (1982)
John F. FOLEY and Sidney J. Norred, Appellants,
v.
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellee.
No. AI-285.
District Court of Appeal of Florida, First District.
November 17, 1982.
Rehearing Denied December 22, 1982.
Joshua Stanford Morse of Law Offices of John T. Ware, St. Petersburg, for appellants.
Jerrold K. Phillips of Brooks, Callahan & Phillips, Tallahassee, for appellee.
SHAW, Judge.
This is an appeal from an order granting summary judgment in favor of the Department of Transportation (DOT) predicated upon the appellants' stipulation that DOT had adopted a schedule for maintenance of downed signs and for the mowing of weeds and grass along State Road 52 where the accident occurred, and that there had been no breach or deviation from that schedule.
The facts are relatively simple and straightforward. Appellant John F. Foley, the driver of a motorcycle, and his passenger girl friend, Sidney Norred, were returning home from an outing at the Pasco County Fairgrounds when Foley pulled off onto the shoulder of the road to check an oil leak. The motorcycle became airborne as a result of striking an unmarked culvert, and both Foley and his passenger were permanently injured. In granting summary judgment for the Department the court relied upon the following findings of fact:
1. The Department of Transportation had instituted a planned program of highway maintenance throughout Pasco County on those roads under its jurisdiction and control. The planned program required an inspection of each of the three hundred miles under the Defendant's control at least once every two weeks to identify and control traffic markers which are out of place, damaged, or missing. This inspection requirement was fulfilled during the period immediately preceding the accident, March 22, 1978, through Friday, April 7, 1979; no traffic marker was then found missing, damaged or out of place at the accident scene. Further, the Department of Transportation's complaint records indicate that it had no actual notice from any other source of any missing, damaged, or out-of-place marker at the accident scene.
2. The Department of Transportation has instituted a policy concerning the mowing of right-of-way property located adjacent to those roadways under the control of the Department of Transportation. The Plaintiff has stipulated and the *979 Court does find that there has been no breach or deviation from the requirements of the Department of Transportation's planned schedule of mowing in the vicinity of this accident.
It is apparent that although the court does not use the term governmental immunity, it is upon this theory that summary judgment was granted. Resolution of the sole issue on appeal hinges upon the characterization of DOT's alleged tortious acts. The claimed negligence is in allowing grass and weeds to obscure the offending culvert and in failing to detect and repair a missing reflector. Appellants assert that the acts of negligence combined to create a hazardous condition or "trap" for the unwary. DOT defended on the theory that formulating a schedule for mowing grass along the roadway at the site of the accident and inspecting for missing and damaged warning devices are planning level functions under Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979). Ergo, if the schedule is followed, the agency is immune from tortious liability though the grass grows tall and the reflector vanishes.
The Florida Supreme Court in Commercial Carrier eschewed the temptation to fall back on semantic labels as a test for identification of discretionary government functions which should enjoy immunity and adopted a more practical approach. The opinion holds that section 768.28, Florida Statutes (1975) evidences the intent of our legislature to waive sovereign immunity on a broad basis. It recognizes that certain discretionary governmental functions remain immune, however, from tort liability. In order to identify those functions, the court adopted the analysis in Johnson v. State, 69 Cal.2d 782, 73 Cal. Rptr. 240, 447 P.2d 352 (1968), which distinguishes between the "planning" and "operational" levels of decision making by governmental agencies. In pursuance of this case by case method of proceeding, Justice Sundberg, writing for the court, recommended use of the preliminary four-prong test established in Evangelical United Brethren Church v. State, 67 Wash.2d 246, 407 P.2d 440 (1965):
(1) Does the challenged act, omission, or decision necessarily involve a basic governmental policy, program, or objective? (2) Is the questioned act omission, or decision essential to the realization or accomplishment of that policy, program, or objective as opposed to one which would not change the course or direction of the policy, program, or objective? (3) Does the act, omission, or decision require the exercise of basic policy evaluation, judgment, and expertise on the part of the governmental agency involved? (4) Does the governmental agency involved possess the requisite constitutional, statutory, or lawful authority and duty to do or make the challenged act, omission, or decision?
Commercial Carrier at 1019.
The complaint in this instance alleges negligence on the part of DOT in allowing grass and weeds to grow to a height so as to obstruct the view of the culvert and in failing to timely detect and replace a missing reflector along the right-of-way and shoulder of State Road 52. The complaint alleges that the agency knew or should have known of the hazard in time to take the needed corrective action. Motion for summary judgment was denied because "... this court is unable to conclude that the defendant has established that there is no genuine issue of material fact which would warrant the granting of a summary judgment." At pretrial hearing, counsel for the appellants expressly stipulated that DOT followed its schedule for inspecting State Road 52. With the consent of the parties, the court reconsidered the motion for summary judgment, and upon consideration of the stipulation granted summary judgment in favor of the appellee. The trial court obviously viewed the affidavit as dispositive. We disagree, for if the affidavit has the critical significance attributed to it by the trial judge, the broad waiver of immunity articulated in Commercial Carrier is truly illusory. The State could invoke immunity in like situations by simply establishing that it has formulated a schedule from which it has not deviated. Subsequent to Commercial Carrier, the Supreme Court of Florida rendered a decision in Department *980 of Transportation v. Neilson, 419 So.2d 1071 (1982), which specifically recognized that the failure to warn of a known danger is a negligent omission at the operational level of government and cannot reasonably be within the judgmental planning sphere. This type of failure may serve as a basis for action against a governmental entity. The Neilson opinion reaffirmed that failure to properly maintain an existing traffic control device and existing roads, as they exist, may be the basis of a suit against the governmental entity. In the opinion of this Court, mowing grass along the shoulder of a roadway and maintenance of existing warning devices would fall within the definition of maintenance as contemplated in Commercial Carrier and Neilson. Query: Can the responsible agency avoid this duty to maintain by simply showing that it formulated a schedule for road maintenance and adhered to the schedule? We do not read either Commercial Carrier or Neilson as saying this and indeed Justice Sundberg, who authored Commercial Carrier, makes it quite clear in his dissent in Neilson that this is not the holding. In Commercial Carrier the court was dealing with the maintenance of a traffic signal light which was in place. We are here confronted with maintenance of an existing state road and the abutting shoulder. For purposes of analysis, we believe the cases are analogous. As in Commercial Carrier we are not dealing with whether to put in a culvert, whether to mow the grass along the shoulder of the roadway, or whether to put up a warning device. These decisions have been made and are not questioned for the purpose of this suit. The complaint simply alleges that DOT was negligent in failing to properly maintain State Road 52 at the site of the accident and as a result of that negligence the appellants were injured. We do not feel that governmental immunity can be invoked by simply showing that DOT formulated and adhered to a schedule of road maintenance at the accident site.
REVERSED and REMANDED for proceedings consistent with this opinion.
LARRY G. SMITH and JOANOS, JJ., concur.