429 So.2d 1210 (1983)
STATE of Florida DEPARTMENT OF TRANSPORTATION, Appellant,
v.
Sarah Jane KENNEDY, Appellee.
No. 82-125.
District Court of Appeal of Florida, Second District.
February 25, 1983.
Rehearing Denied April 22, 1983.
*1211 H. Vance Smith of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
Bernard C. Silver, Tampa, for appellee.
OTT, Chief Judge.
This is an appeal from a judgment in favor of appellee for damages suffered when she tripped and fell over iron rods extending over a sidewalk located on a State of Florida road right of way and maintained by appellant, Department of Transportation. We affirm.
The sidewalk in question was located adjacent to a parking lot where parking bumpers had eroded, leaving exposed reinforcing rods. Appellee's complaint alleged that appellant negligently maintained the sidewalk by allowing a reinforcing rod to extend over the sidewalk, causing her to trip and fall and sustain injuries.
Appellant's policy for maintenance of sidewalks was to rely on complaints to the Department and to have maintenance crews perform occasional unscheduled inspections. Appellant maintains it possessed the discretion to adopt this policy, and there is no evidence it improperly carried out the adopted policy. Therefore, it concludes this type of discretionary decision is immune from tort liability under Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979).
This appears to be an argument similar to that which our sister court faced in Foley v. Department of Transportation, 422 So.2d 978 (Fla. 1st DCA 1982). The complaint in Foley alleged negligence on the part of DOT in allowing a culvert to become obscured by weeds and grass and in failing to replace a missing reflector along a state road right of way. A motorcycle struck the unmarked culvert, resulting in permanent injury to the driver and his passenger. The first district concluded that mowing grass and maintaining existing warning devices along a roadway fell within the definition of maintenance as contemplated in Commercial Carrier and Department of Transportation v. Neilson, 419 So.2d 1071 (Fla. 1982). The court stated, "We do not feel that governmental immunity can be invoked by simply showing that DOT formulated and adhered to a schedule of road maintenance at the accident site." At 980.
We agree with the reasoning of the first district. In Neilson, the supreme court reaffirmed its holding in Commercial Carrier that failure to properly maintain existing traffic control devices and existing roads may be the basis of a suit against a governmental entity. In our opinion, maintenance of an existing sidewalk is no different. Governmental immunity cannot be invoked simply because appellant adopted and followed a maintenance policy.
Appellant also argues that the evidence presented was insufficient to establish that it had notice of the condition of the sidewalk. Appellant concedes that express actual notice is not an issue and we find nothing in Commercial Carrier or Neilson *1212 requiring it. Appellee needed to show only that the condition existed for such a length of time that in the exercise of ordinary care appellant should have known of it and taken action to remedy it or otherwise protect the public. See Winn-Dixie Montgomery, Inc. v. Petterson, 291 So.2d 666 (Fla. 1st DCA 1974).
Appellee introduced into evidence photographs depicting a groove in and discoloration of the sidewalk underneath the iron rods. Appellee's expert witness, a civil engineer, testified that based on common sense, training, and experience, and a view of the photographs, it was his opinion that the groove and discoloration were probably caused by a gradual wearing away of the concrete surface caused by the rod rubbing across the surface, most likely under wheel loadings of cars and trucks. A maintenance engineer for appellant reached much the same conclusion, that something had caused the rod to rub or wear into the sidewalk. Neither engineer expressed an opinion as to the length of time over which this wearing process had occurred.
In addition to the photographs and testimony of the engineers, Ruth Kelley, operator of a dry cleaning establishment in close proximity to the sidewalk, saw appellee on the ground immediately following appellee's fall. She testified that rods had extended over the sidewalk for "a year or more," although on cross-examination she admitted that she had no distinct recollection of the specific rods over which appellee tripped.
In Hannewacker v. City of Jacksonville Beach, 419 So.2d 308 (Fla. 1982), the supreme court held that a photograph standing alone can provide a basis for an inference of time when, for example, duration appears from rust, growth of weeds, or the nature of the condition or defect. If the photograph is ambiguous, requiring the jury to speculate on the duration of the condition, the photograph without live testimony is insufficient.
We need not decide whether the photographs in this case could stand alone. These photographs, together with the testimony of the engineers and Ms. Kelly, provide a basis for the jury to find that the condition had existed over a sufficient period of time to put appellant on notice of the danger. Appellant cannot ignore its road rights of way and expect to be immune from tort liability.
Accordingly, the judgment against appellant is AFFIRMED.
HOBSON and LEHAN, JJ., concur.