455 So.2d 422 (1984)
Harry (Spud) HUGHES, Jr., et al., Appellants,
v.
ROARIN 20'S, INC., et al., Appellees.
No. 83-1575.
District Court of Appeal of Florida, Second District.
July 20, 1984.
Rehearing Denied September 14, 1984.
*423 John A. Lloyd, Jr. of Lloyd & Henniger, P.A., St. Petersburg, for appellants.
Wofford H. Stidham, Bartow, and Preston C. Widoff of Law Offices of Clifford J. Schott, Lakeland, for appellee Roarin 20's, Inc.
David J. Kadyk and Ted R. Manry, III, of MacFarlane, Ferguson, Allison & Kelly, Tampa, for appellees Lykes, Inc. and Lykes Bros., Inc.
PER CURIAM.
This is an appeal of the trial court's entry of summary judgment in favor of appellees Roarin 20's, Inc., Lykes, Inc., and Lykes Brothers, Inc., hereinafter referred to as Lykes. We affirm the decision of the lower court.
Appellant, Harry "Spud" Hughes, suffered a paralyzing neck injury when he dove from a tree into shallow water at a swimming area on the Weeki Wachee River. The platform from which he dove was constructed on a tree located on property owned by appellee Lykes. Appellant brought suit against appellee Lykes and appellee Roarin 20's, Inc., which operated a nearby campground resort, for his injuries alleging that the diving area was unreasonably dangerous. Appellant further alleged that both appellee Roarin 20's, Inc. and appellee Lykes were guilty of negligence regarding the duty owed to a business invitee or licensee. Finally, appellant contended that the tree in question constituted an attractive nuisance.
In response to appellant's complaint, appellee Roarin 20's, Inc. contended that the diving area was not included as part of the campground facility. They also maintained, as did appellee Lykes, that the condition on the property was open and obvious and that appellant voluntarily assumed the risk in diving from the platform.
After a hearing on appellees' motion for summary judgment, the trial court held that diving into the shallow water was the proximate cause of appellant's injuries, and that he fully recognized and appreciated the danger posed by such a dive. The lower court further held that appellant's knowledge of the condition was equal, if not superior, to that of the landowners. Subsequently, summary judgment was entered in favor of appellee Lykes and Roarin 20's, Inc.
The facts pertinent to this appeal are as follows. On October 4, 1975, appellant and a friend went to the Weeki Wachee campground which was leased by appellee Roarin 20's, Inc. from a third party. They paid an admission fee and proceeded to rent "tubes" for tubing down the river. On an *424 earlier occasion, appellant's friend had been instructed that he could gain access to the river by following a trail which led to a lagoon that flowed into the river. On this day, the boys launched the tubes from this lagoon and floated into the river toward the tree. When they arrived at the tree, several people were diving from a platform which was reached by climbing steps that had been nailed onto the tree.
At the time of the accident, appellant was seventeen years of age and was experienced in diving into shallow water. On this occasion, appellant tested the depth of the water in the area he intended to dive and determined that he could make the dive safely. Unfortunately, the "shallow dive" was not successfully completed and appellant suffered a neck injury which resulted in paralysis.
The trial court concluded that appellant's action in diving into the shallow water was the sole proximate cause of his injury and thus granted summary judgment in favor of appellees. We affirm. See Schoen v. Gilbert, 436 So.2d 75 (Fla. 1983); Zambito v. Southland Recreation Enterprises, Inc., 383 So.2d 989 (Fla.2d DCA 1980). As this court stated in Savignac v. Department of Transportation, 406 So.2d 1143 (Fla.2d DCA 1981):
[A] property owner generally cannot be held liable for dangerous conditions which exist in natural or artificial bodies of water unless they are so constructed as to constitute a trap or unless there is some unusual danger not generally existent in similar bodies of water. 65 C.J.S. Negligence § 63(100) (1966); Allen v. William P. McDonald Corp., 42 So.2d 706 (Fla. 1949). Shallow water, insufficient for diving, does not constitute a trap. Switzer v. Dye, 177 So.2d 539 (Fla. 1st DCA 1965).
Affirmed.
SCHEB, A.C.J., and DANAHY and CAMPBELL, JJ., concur.