517 So.2d 49 (1987)
Karl Stephen SEITZ, Appellant,
v.
SURFSIDE, INC. a Florida Corporation, Appellee.
No. 86-477.
District Court of Appeal of Florida, Third District.
December 8, 1987.
Rehearing Denied January 22, 1988.
*50 Horton, Perse & Ginsberg and Edward A. Perse, Mitchell J. Lipcon, Miami, for appellant.
Canning & Murray, Miami, and John G. Poole, Jr., Coral Gables for appellee.
Before HENDRY, BASKIN and FERGUSON, JJ.
HENDRY, Judge.
Karl Seitz, plaintiff below, appeals from an adverse summary judgment in a personal injury, negligence action decided in favor of Surfside, Inc.
On July 23, 1982, Karl Seitz strolled into Key West from Stock Island with a fellow commercial fisherman to spend the day. They stopped at several places along the way and at one spot picked up some sandwiches and a six-pack of 12 ounce beer.
About noon, Seitz and his friend arrived at the public beach adjacent to the South Beach Oceanfront Motel (owned by Surfside, Inc.). Having visited the same area several times before, they were familiar with local swimming conditions. After wading through shallows for some distance from shore, they found water deep enough in which to swim. Perhaps six other people were in the water at that time. Witnesses, who saw the two men again on the public beach that afternoon, testified to the noisy, staggering, drunken behavior of both men.
At the northern end of the public beach was the private pier of the South Beach Oceanfront Motel. Used by motel guests for sunbathing and fishing, the pier was fenced in but had a stairway leading down to the beach. Surrounding the pier were shallow waters with numerous sandbars and rocks which protruded from the water at low tide.
Around six p.m., unseen by motel employees instructed to evict trespassers, Seitz climbed over the pier's railing and dove twelve feet into the shallow waters below. Shortly thereafter, an injured Seitz was found floating on his back some thirty feet from the public beach and about ten feet from the city's low cement pier. Towed to shore on a surf board, Seitz was pulled up onto the beach. A witness testified that Seitz smelled of alcohol as she bent over to speak with him. Transported to a local hospital by ambulance, Seitz was diagnosed a quadriplegic.
On November 2, 1983, a complaint was filed by Karl Seitz charging Surfside, Inc. with negligence in the maintenance of its motel property. The trial judge, however, granted the defendant a summary final judgment, from which Seitz now appeals.
The principal issue in any negligence action is whether the injury resulted from the defendant's violation of a legal duty owed to the plaintiff. Therefore, the threshold question here is whether Surfside, Inc. had a legal duty to Seitz, and if so, the extent of that duty. Rishel v. Eastern Airlines, Inc., 466 So.2d 1136 (Fla. 3d DCA 1985); Price v. Morgan, 436 So.2d 1116 (Fla. 5th DCA 1983), review denied, 447 So.2d 887 (Fla. 1984). Unless a legal duty has been abrogated, there can be no cause of action for negligence. Rice v. Florida Power & Light Co., 363 So.2d 834 (Fla. 3d DCA 1978), cert. denied, 373 So.2d 460 (Fla. 1979).
Because he entered and used the motel pier for his own convenience, without right or authority, Seitz was a trespasser. See Brown v. Solary, 37 Fla. 102, 19 So. 161 (1896); Pedone v. Fontainebleau Corp., 322 So.2d 79 (Fla. 3d DCA 1975). It is a well-established rule as to a trespasser that the only duty owed by a property owner is to avoid willful and wanton harm to him and upon discovery of his presence to warn him of known dangers not open to ordinary observation. Wood v. Camp, 284 So.2d 691 (Fla. 1973); Pedone, 322 So.2d at 80. The record fails to show knowledge on the part of Surfside, or its agents, of Seitz' unwarranted presence on the pier until after his injury in the water. What the record does show, however, is Seitz' knowledge of the beach and waters in that area.
Where Seitz admitted to having dived into shallow waters, with which he *51 was familiar, his negligence was the sole proximate cause of his resulting injury. See Hughes v. Roarin 20's, Inc., 455 So.2d 422 (Fla. 2d DCA 1984), review denied, 462 So.2d 1107 (Fla. 1985). Unless the dangerous conditions which exist in natural bodies of water are such that they constitute a trap or embody some unusual danger not generally existent in similar bodies of water, a property owner generally cannot be held liable for those conditions. Allen v. McDonald, 42 So.2d 706 (Fla. 1949); Saga Bay Property Owners Ass'n v. Askew, 513 So.2d 691 (Fla. 3d DCA 1987); Savignac v. Dep't of Transp., 406 So.2d 1143 (Fla. 2d DCA 1981), review denied, 413 So.2d 875 (Fla. 1982). The shallow waters about the South Beach Oceanfront's pier, although insufficient for diving, did not constitute a trap. See Switzer v. Dye, 177 So.2d 539 (Fla. 1st DCA 1965).
We have carefully considered the briefs and the record on appeal and conclude that the pleadings, interrogatories and depositions before the trial court conclusively established the absence of any genuine issues of material fact and that the appellees were entitled to summary judgment as a matter of law.
The remaining issues raised by appellant have been considered and we find them to be without merit.
Affirmed.