523 So.2d 1247 (1988)
Frances BOVIO and Alex Bovio, Appellants,
v.
The CITY OF MIAMI SPRINGS, a Municipal Corporation, Appellee.
No. 86-2777.
District Court of Appeal of Florida, Third District.
April 26, 1988.
*1248 Paul J. Kneski, Miami, for appellants.
Weintraub, Weintraub, Seiden, Press & Orshan and Eliot R. Weitzman, Miami, for appellee.
Before NESBITT, DANIEL S. PEARSON and JORGENSON, JJ.
JORGENSON, Judge.
Frances and Alex Bovio appeal from a summary final judgment entered in favor of the City of Miami Springs. We affirm based upon our finding, as a matter of law, that the city fulfilled its duty toward Bovio.
Frances Bovio was standing on a Miami Springs city sidewalk waiting to cross the street when an out-of-control automobile collided with a newspaper vending machine situated on the sidewalk in a group of several newspaper dispensers. The impact catapulted the machine against Frances Bovio, and she was seriously injured. Bovio and her husband brought a negligence action against the city, alleging improper maintenance of the sidewalk.[1] The trial court granted the city's motion for summary final judgment.
The Bovios claim on appeal that the trial court erred in granting summary final judgment for the city where substantial issues of material fact have not been resolved. The Bovios argue that the owner of the newspaper vending machine properly requested and received permission from the city to place its machine on the sidewalk and that the city, therefore, violated its own ordinance governing the placement of newspaper vending machines "in such a manner as not to obstruct traffic."[2] However, *1249 the city's alleged failure to enforce its ordinance cannot serve as a predicate for the Bovios' negligence action since a city owes no tort duty to any specific individual to enforce its laws and is not liable to any individual due to its failure to do so. Trianon Park Condominium Ass'n v. City of Hialeah, 468 So.2d 912, 919 (Fla. 1985); Everton v. Willard, 468 So.2d 936, 938 (Fla. 1985); Carter v. City of Stuart, 468 So.2d 955, 957 (Fla. 1985). The city's liability turns on its common law duty to maintain its sidewalks; thus, the dispute between the city and the Bovios concerning the city's authorization of the placement of the vending machine and the question of whether the city enjoys sovereign immunity for its decision on the placement of such machines are not genuine issues of material fact which preclude a summary disposition of this cause.
We also disagree with the Bovios' contention that the question of the placement of the newspaper dispenser constitutes a genuine issue of material fact. Pursuant to established principles of negligence, a city has a duty to maintain its streets and sidewalks in a reasonably safe condition. However, it is not an insurer of the safety of pedestrians who traverse its streets. Mullis v. City of Miami, 60 So.2d 174 (Fla. 1952); City of St. Petersburg v. Roach, 148 Fla. 316, 4 So.2d 367 (1941); Leon v. City of Miami, 312 So.2d 518 (Fla. 3d DCA 1975); Schutzer v. City of Miami, 105 So.2d 492 (Fla. 3d DCA 1958). In our view, the city did not breach any duty owed to Bovio in permitting a newspaper dispenser to be placed on the sidewalk. The newspaper dispenser did not represent a defective condition in the sidewalk notwithstanding the Bovios' allegation that the vending machine was inadequately secured. The cases cited by the Bovios are inapposite since they involve defective conditions on the sidewalks which occasioned the plaintiffs' injuries, e.g., overgrown foliage which obstructed stop sign, Armas v. Metropolitan Dade County, 429 So.2d 59 (Fla. 3d DCA 1983); iron rods extending over sidewalk, State Dept. of Transp. v. Kennedy, 429 So.2d 1210 (Fla. 2d DCA 1983). The above conditions are wholly dissimilar to a newspaper dispenser positioned on a sidewalk along with other newspaper dispensers. It was not the newspaper dispenser qua dispenser which injured Bovio; rather, an out-of-control automobile turned the newspaper dispenser into a projectile which, in turn, forcefully struck and injured Bovio. The city cannot be regarded as having created a dangerous condition by permitting a newspaper dispenser to remain on a sidewalk in a busy intersection. See Barnes v. Gulf Power Co., 517 So.2d 717 (Fla. 1st DCA 1987) (Ervin, J., specially concurring) (where telephone repairmen were forced to complete job after dark due to power company's delay in repairing electrical lines and were attacked by unknown assailants at jobsite, power company's conduct could not be considered substantial factor in bringing about harm suffered; summary judgment for power company affirmed); Huff v. Goldcoast Jet Ski Rentals, Inc., 515 So.2d 1349 (Fla. 4th DCA 1987) (city did not create dangerous condition by issuing license to operate jet ski rental business; to hold city liable because it knew or should have known that some person might operate a ski or a boat at such a speed as to create a wake and endanger other boaters is "an unjustified quantum leap we decline to take."); Coudry v. City of Titusville, 438 So.2d 197, 199 (Fla. 5th DCA 1983) (city's right to inspect work of independent contractor did not change city into active participant liable for negligence; "the city is not an insurer against the independent negligent acts of others, including its own independent contractor, merely because their negligence occurs on or in a city street.").
Because we find as a matter of law that the city committed no breach of duty, we decline to reach the foreseeability argument advanced by the Bovios. We, therefore, affirm the summary final judgment entered in favor of Miami Springs.
Affirmed.
DANIEL S. PEARSON, J., concurs.
NESBITT, Judge (dissenting):
I respectfully dissent from the majority opinion. In my view there remained an *1250 unresolved issue of fact preventing summary judgment.
While on a city sidewalk, Frances Bovio was struck and injured by a newspaper vending machine which was put in motion by an "out-of-control" vehicle which collided with it. The machine had been placed only a short distance from the roadway and had not been secured to the sidewalk but was merely chained to a nearby utility pole. As the majority acknowledges, a city has a duty to maintain its streets and sidewalks in a reasonably safe condition; injury resulting from failure to properly perform that duty may result in liability. A city may be liable for the dangerous condition of its sidewalk even where the condition is created by someone other than the city itself. See Armas v. Metropolitan Dade County, 429 So.2d 59 (Fla. 3d DCA 1983); State, Dep't of Transp. v. Kennedy, 429 So.2d 1210 (Fla. 2d DCA 1983).
Despite the majority's contention that Kennedy is not pertinent, the facts of that case are almost indistinguishable from the present case. In Kennedy, the court affirmed a judgment in favor of a plaintiff who was injured when she tripped and fell over iron rods extending over a sidewalk. Comparing the case to Foley v. Department of Transp., 422 So.2d 978 (Fla. 1st DCA 1982), the court concluded that, just as the failure to maintain traffic control devices and existing roads may result in governmental liability, liability may exist where there has been a failure to maintain a sidewalk. The injury in Kennedy was caused, not by any defect in the sidewalk itself, but by an object situated on a sidewalk. In the present case, Mrs. Bovio was injured when a newspaper dispenser situated on a city sidewalk flew into her after it was struck by an automobile. Based on the holding of the court in Kennedy, the City of Miami Springs is potentially liable for injuries which resulted from this dangerous condition.
In such a case as this, however, the city may only be liable if it is proven to have had actual or constructive knowledge of the condition. See City of Miami Beach v. Quinn, 149 Fla. 326, 5 So.2d 593 (1942); Kennedy, 429 So.2d at 1211-12; Leon v. City of Miami, 312 So.2d 518, 519 (Fla. 3d DCA 1975); cf. Feldstein v. City of Key West, 512 So.2d 217, 219 n. 5 (Fla. 3d DCA 1987) (for city to be liable for dangerous conditions it creates it is not necessary that it have actual notice of the dangerous effects of its creation; it is sufficient if the city should have known of them); City of Pensacola v. Stamm, 448 So.2d 39, 41 (Fla. 1st DCA) (jury verdict upheld against city for negligent maintenance of city property where evidence established that it at least had constructive notice of dangerous condition), review denied, 456 So.2d 1181 (Fla. 1984). The record does not establish whether the city knew or should have known of the condition.
Accordingly, there remains an unresolved issue of fact precluding summary judgment. I would reverse the trial court's order and remand this cause for trial.
NOTES
[1] The Bovios also named the manufacturer of the newspaper dispenser and the publisher of the newspaper as defendants in their negligence action. The parties ultimately reached settlement agreements.
[2] The relevant portion of section 114.09(B), Miami Springs, Fla.Code (1985), provides:

It shall be unlawful to obstruct any part of the public streets, sidewalks, parkways, parks, or other publicly owned properties in the city by placing or causing to be placed thereon any box, stand, counter, shelving, debris, sign, merchandise, building material, or other obstruction; however the city manager shall have authority to permit the placing upon sidewalks of coin-operated newspaper vending machines, ... in such a manner as not to obstruct traffic.