PARKER, Judge.
The state of Florida Department of Transportation (DOT) and General Telephone Company of Florida (GTE) appeal from a jury verdict and judgment in favor of appellee, Nancy Raiche. DOT and GTE both maintain the trial court should have directed a verdict in their favor.[1] We agree and reverse.
Raiche was walking on a public sidewalk adjacent to a building owned by GTE during daylight hours when she stepped on a metal grate which covered a shallow drainage trench. Raiche testified that when she stepped on the drain cover, it flew up and struck the top of her foot causing her foot and lower leg to enter the drainage trench with her body falling on the grass next to the sidewalk. Raiche admitted to having walked on the same sidewalk numerous times before without any incident. The sidewalk where Raiche fell was located within the immediate right of way owned by DOT, which was responsible for its maintenance. Where the accident occurred, there were two metal grates positioned close to each other on the sidewalk. These grates were constructed to permit the drainage of rainwater from the nearby GTE building through a system of drains and through the sidewalk trench into the street. The grate on which Raiche sustained her injury was constructed in 1965.
The sole issue to be tried was the negligent maintenance of the drainage trench by GTE and DOT.[2] The evidence present *844 ed at trial by Raiche centered around Raiche’s allegation that the grate which caused her accident constituted a dangerous condition of which GTE and DOT were on notice. Raiche’s evidence on this issue consisted of her testimony, the testimony of Raul Fernandez and architect R. James Robbins[3], as well as a series of photographs of the accident scene. Raiche testified that on one prior occasion, she had seen “some of them or one of them [the drain covers] off.” At trial, Raiche admitted to having stated in a previous deposition that in the instances in which she had walked over these metal grates she had never noticed them to be loose. Raiche further testified that she knew of no other incident involving this grate aside from her accident.
Raul Fernandez testified that he lived in the neighborhood of the accident for three or four years and was familiar with the precise spot of the accident since he had traveled on that sidewalk on various occasions. Fernandez identified the metal plate which was depicted in a photograph labeled plaintiff’s exhibit 9 as being an accurate reflection of the grate involved in the accident. Fernandez based his identification of the grate as the one involved in the accident from his observation of the accident scene when he came to the assistance of Raiche immediately after she fell. When further questioned about the grate connected with the accident, Fernandez testified as follows:
Q. When you would ride your bicycle across that spot, was it flat, or would your bicycle bump or what? Explain to me, please.
A. Well, it [grate] would make a little— one of them was pretty loose on these, I noticed on one occasion. When I come across it, there are two of them there, and the one there by the pole is — when I would go over it with the bike, I had to go over between the posts and the sign here (indicating), the road sign, because the traffic — they won’t let my bicycle come out on the traffic, so I would have to come in between here, and my wheels would hit up on this plate that was sitting there.
Q. All right, now look at the plate on the plaintiff’s exhibit no. 9. Did that metal plate extend above the sidewalk level?
A. Yes, sir, always has. Always been over.
(Emphasis supplied). An examination of the photographs introduced into evidence by Raiche, reveals that Fernandez’s reference to the loose grate “by the pole” does not pertain to the grate where Raiche’s accident occurred, but rather, to the other grate which was in close proximity. This testimony is incompatible with a finding that GTE and DOT should have been on notice of a dangerous condition involving the accident grate.
Raiche called Robbins, the architect who designed both sidewalk drains, as an adverse witness. Robbins admitted that a drain cover which is simply laid over the trench without being recessed into the concrete, so that it is subject to movement or possible dislodgment, would be unsafe and create a dangerous condition. Robbins testified that the safe and reasonable design method would be for the metal plate cover to be recessed into the concrete, so that the grate would lay flush with the sidewalk. Although he could not recall the specific design utilized in 1965, Robbins testified he did not believe he would have approved a configuration that was not recessed. Even though Robbins viewed the scene following the accident when the grates had already been replaced by concrete, he was able to formulate an opinion that the utility cover involved in the accident was recessed. *845 Bobbins’ opinion was based upon the existence of spalling of the concrete, which showed a regressed edge where the original trench was located, and from his review of the photographic exhibits. Robbins testified that the use of the trench and trench cover complied with the standards of practice which existed among architects in 1965, when the trench was built. Robbins admitted that from one of the photographs of the trench which was shown to him by Raiche’s counsel at deposition, he could not discern from that particular photograph whether the grate was recessed or not. However, Robbins was able to make the determination that the cover was recessed from at least one other photograph of the accident scene which was shown to him at trial, as well as from an independent view of the site.
Dwight Danley, DOT’s assistant maintenance engineer, and James Zedalis, GTE’s facilities maintenance coordinator of eleven years, testified that neither was aware of any prior accidents, complaints, or problems with the drain covers.
We acknowledge at the outset that it is not the function of the appellate court to reevaluate the evidence and substitute its judgment for that of the jury. If there is any competent evidence to support a verdict, the verdict must be sustained regardless of this court’s opinion regarding its propriety. Helman v. Seaboard Coast Line R.R. Co., 349 So.2d 1187 (Fla.1977). At the same time, however, a jury’s verdict cannot rest on a mere probability or guess, and a verdict cannot be affirmed where there is no rational predicate for it in the evidence. Blanford v. Polk County, 410 So.2d 667 (Fla. 2d DCA 1982).
We have examined the evidence in the light most favorable to Raiche and in accordance with the appropriate standard for appellate review of a trial court’s denial of a defendant’s motion for directed verdict. As previously stated, the only issue at trial was the negligent maintenance by DOT and GTE of a known dangerous condition.
The testimony from the representatives of DOT and GTE establishes that neither DOT nor GTE was on notice of the existence of any previous accidents or complaints regarding the subject drain cover. In order to overcome the entry of a directed verdict, Raiche needed to make a prima facie showing that the condition of the grate involved in the accident was dangerous, and further that the dangerous condition existed for such a length of time that in the exercise of ordinary care DOT and/or GTE should have known of it and taken some action to remedy it or otherwise protect the public. State of Fla., Dep’t. of Transportation v. Kennedy, 429 So.2d 1210 (Fla. 2d DCA 1983). After considering the evidence presented at trial in the manner most favorable to Raiche, we conclude that she failed to satisfy that burden.
Accordingly, we reverse and remand the case with directions for the trial court to enter judgment in favor of DOT and GTE.
SCHEB, A.C.J., and CAMPBELL, J., concur.

. While GTE and DOT have raised other issues on appeal which may or may not have any merit under the present circumstances, we decide the case solely on the propriety of the trial court’s action in refusing to grant a directed verdict for the appellants and do not pass upon nor discuss the other points.

. Count I of Raiche’s complaint, the only count against GTE, alleged that GTE was careless and negligent in the construction, design, and maintenance of a known dangerous condition. The portion of that count pertaining to GTE’s liability for the negligent design and construction of the drainage trench was dismissed from the case by means of a partial summary judgment *844 entered on that issue in favor of GTE prior to the trial. The count in the complaint against DOT — count IV — alleged that DOT negligently and carelessly owned and maintained a known dangerous condition on the sidewalk.

. Raiche had also sued Robbins’ architectural firm alleging in count II of the complaint that Robbins had carelessly and negligently performed the design, architectural, and supervisory work involved in the construction of the drainage system in question. Raiche entered a voluntary nonsuit as to Robbins’ firm during the trial.