546 So.2d 4 (1988)
Bernice CAMILLO and Calvin Camillo, Her Husband, Appellants,
v.
DEPARTMENT OF TRANSPORTATION, STATE OF FLORIDA, Monroe County, Florida and City of Key West, Appellees.
No. 88-890.
District Court of Appeal of Florida, Third District.
December 20, 1988.
*5 Leesfield & Blackburn and Ibis J. Hillencamp, Miami, for appellants.
Neblett & Sauer and John Moore, Key West; Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane and Shelley H. Leinicke, Fleming, O'Bryan & Fleming and Michael R. Piper, Fort Lauderdale, for appellees.
Before SCHWARTZ, C.J., BASKIN and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
As Ms. Camillo was riding her bicycle on the sidewalk adjacent to U.S. 1 in Key West, she was forced to swerve to avoid an impending collision with a child and his dog. As she did so, she caught her foot between three "eyebolts" which extended approximately two inches into the path through the seawall which was alongside the walkway. On the other side of the wall, the bolts provided a mooring for a houseboat allegedly owned by Mel Fisher. As a result of the accident, Ms. Camillo was thrown over the seawall and suffered serious injuries. She sued the Department of Transportation, which was responsible for the maintenance of the street and sidewalk, Monroe County, the City of Key West, and Fisher. Apparently on grounds of sovereign immunity, the trial judge entered summary judgment for the three governmental defendants, from which the plaintiffs, Ms. Camillo and her husband, have taken this appeal.[1] We reverse as to the DOT and affirm as to the county and city.
In our judgment, a jury question is clearly presented as to the liability of the DOT. The basis of this holding is simply the responsibility of any governmental agency, as a landowner responsible for the area in question, to maintain its streets and sidewalks free from an obstruction of which it knew or should have known, even though that obstruction may have been initially created by some third person, here, presumably the defendant Fisher. Armas v. Metropolitan Dade County, 429 So.2d 59 (Fla. 3d DCA 1983); State Department of Transportation v. Kennedy, 429 So.2d 1210 (Fla. 2d DCA 1983); see also Silver Palm Properties, Inc. v. Sullivan, 541 So.2d 624 (Fla. 3d DCA 1988) (rehearing en banc granted November 9, 1988). See generally Department of Transportation v. *6 Neilson, 419 So.2d 1071 (Fla. 1982); Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979). It is clear also that this aspect of potential governmental liability is not, contrary to the DOT's contention, subject to the defense of governmental immunity. Neilson, 419 So.2d at 1071; Commercial Carrier Corp., 371 So.2d at 1010; Foley v. State Department of Transportation, 422 So.2d 978 (Fla. 1st DCA 1982); Haspil v. State Department of Transportation, 374 So.2d 633 (Fla. 3d DCA 1979); see also Trianon Park Condominium Ass'n, Inc. v. City of Hialeah, 468 So.2d 912 (Fla. 1985). Nor is there any merit to the DOT-proposed distinction between a defect which is created in the course of time, as in most of the cited cases,[2] and a so-called "permanent installation" such as this one. Both create obstructions in the entity's street or sidewalk which, a jury could find, it negligently failed to remove or protect a pedestrian against. Finally, the foreseeability of the accident is likewise clearly a factual question unresolveable by summary judgment. Crislip v. Holland, 401 So.2d 1115 (Fla. 4th DCA 1981), pet. for review denied, 411 So.2d 380 (Fla. 1981). See generally Stahl v. Metropolitan Dade County, 438 So.2d 14 (Fla. 3d DCA 1983).
We reach a different conclusion as to the other two appellees. Insofar as the county is concerned, we are unable to detect any basis for its responsibility for the area or defect. Accordingly, it is simply not liable for the accident as a matter of law without reference to its status as a governmental subdivision.
The plaintiffs' only assertion as to the City of Key West is the contention that it approved and condoned the practice of mooring boats with the use of the offending eyebolts. Such a claim is clearly foreclosed by those aspects of the law of sovereign immunity which preclude liability for the discharge of legislative or enforcement functions. Trianon, 468 So.2d at 919-920.
Affirmed in part; reversed in part.
NOTES
[1] Fisher remains a party below.
[2] For example, Kennedy involved a parking bumper which eroded leaving exposed reinforcing rods extending over the DOT's sidewalk; Armas concerned a tree branch which extended over the city's property from an adjacent privately owned area, resulting in the obstruction of a stop sign.