538 So.2d 526 (1989)
Thomas BRIEN, a Minor by and through His Parents and Next Friends, Joy BRIEN and Norbert Brien, and Joy Brien and Norbert Brien, Individually, Appellants,
v.
FLORIDA DEPARTMENT OF TRANSPORTATION, Appellee.
No. 87-2990.
District Court of Appeal of Florida, Fourth District.
February 15, 1989.
Larry Klein of Klein & Beranek, P.A., West Palm Beach, and Chikovsky & Ben, Hollywood, for appellants.
*527 Susan Horovitz Maurer of Panza, Maurer, Maynard & Platow, Fort Lauderdale, for appellee.
PER CURIAM.
Factual issues exist in the instant case which preclude the entry of summary judgment in favor of the appellee. However, no issue exists as to the fact that the roadway dropoff was a dangerous condition created by the appellee.
First, there is a genuine issue of material fact as to whether the roadway, having a ten to fifteen-foot dropoff at the end of the uncompleted pavement, was a "hidden danger." While the condition of the roadway might be determined to be readily apparent in the daylight, an issue exists as to whether it was apparent at nighttime when this incident took place.
Second, if the condition of the roadway was a "hidden danger," then a genuine issue of material fact exists as to whether the warnings of such were adequate. There is conflicting evidence as to what signs or barriers were in place at the time of the accident.
Third, the appellee's knowledge of the presence of the appellant, established to be a trespasser, remains at issue. Lack of actual knowledge of trespassers on the roadway does not necessarily absolve the appellee's duty to warn. City of St. Petersburg v. Collom, 419 So.2d 1082 (Fla. 1982). The appellee, as does any owner of property, had the continuing duty to ascertain the status of its highway construction project. Bailey Drainage District v. Stark, 526 So.2d 678 (Fla. 1988). Whether the appellee should have known of the existence of trespassers by reason of the information actually known to the adjoining property owners has not been conclusively resolved by the evidence adduced to date. Savignac v. Department of Transportation, 406 So.2d 1143 (Fla. 2d DCA 1981).
Finally, the doctrine of sovereign immunity will not shield the appellee from liability if the aforesaid issues are resolved against it, whether the roadway activities are deemed to be "planning" or "operational." Bailey Drainage District; City of St. Petersburg.
REVERSED and REMANDED FOR FURTHER PROCEEDINGS CONSISTENT HEREWITH.
GLICKSTEIN and GARRETT, JJ., concur.
KAHN, MARTIN D., Associate Judge, dissents with opinion.
KAHN, MARTIN D., dissenting.
The plaintiff/appellant, Thomas Brien, and his friend drove over unfinished highway construction (clearly identified as forbidden territory) to gain access to a partially constructed bridge where they skateboarded. On what turned out to be the last of many such occasions, they returned after dark and the friend drove his car off the end of the pavement on a yet to be completed portion of an I-75 access ramp. Brien was injured and sought recompense from the Florida Department of Transportation (D.O.T.).
Recognizing that summary judgment is not appropriate to resolve disputed issues of material fact, three such issues are undisputed, and are fatal to Brien's cause of action, irrespective of what other facts may be in dispute: First, Brien was a trespasser. Second, there is not even a remote suggestion that the D.O.T. undertook to do Brien willful or wanton harm. Third, the D.O.T. did not discover the presence of trespassers on that portion of I-75 until after Brien's injury.
As stated in Wood v. Camp, 284 So.2d 691 (Fla. 1973).
The unwavering rule as to a trespasser is that the property owner is under the duty only to avoid willful and wanton harm to him and upon discovery of his presence to warn him of known dangers not open to ordinary observation.
284 So.2d at 693. See also Seitz v. Surfside, Inc., 517 So.2d 49 (Fla. 3d DCA 1987).
Although Brien and his friend had driven the exact route at least ten times previously, and the end of the pavement certainly *528 was open to ordinary observation to them, that possible question of fact need not be reached, since the duty to warn is not required until the D.O.T.'s discovery of the trespassers' presence.
Likewise, it is not necessary to delve into the operational versus the planning functions of D.O.T., and the resulting immunity vel non questions.
Accordingly, I disagree with the learned majority, and suggest that the trial judge was eminently correct in entering summary judgment in favor of the D.O.T.