PER CURIAM.
Factual issues exist in the instant case which preclude the entry of summary judgment in favor of the appellee. However, no issue exists as to the fact that the roadway dropoff was a dangerous condition created by the appellee.
First, there is a genuine issue of material fact as to whether the roadway, having a ten to fifteen-foot dropoff at the end of the uncompleted pavement, was a “hidden danger.” While the condition of the roadway might be determined to be readily apparent in the daylight, an issue exists as to whether it was apparent at nighttime when this incident took place.
Second, if the condition of the roadway was a “hidden danger,” then a genuine issue of material fact exists as to whether the warnings of such were adequate. There is conflicting evidence as to what signs or barriers were in place at the time of the accident.
Third, the appellee’s knowledge of the presence of the appellant, established to be a trespasser, remains at issue. Lack of actual knowledge of trespassers on the roadway does not necessarily absolve the appellee’s duty to warn. City of St. Petersburg v. Collom, 419 So.2d 1082 (Fla.1982). The appellee, as does any owner of property, had the continuing duty to ascertain the status of its highway construction project. Bailey Drainage District v. Stark, 526 So.2d 678 (Fla.1988). Whether the appellee should have known of the existence of trespassers by reason of the information actually known to the adjoining property owners has not been conclusively resolved by the evidence adduced to date. Savignac v. Department of Transportation, 406 So.2d 1143 (Fla. 2d DCA 1981).
Finally, the doctrine of sovereign immunity will not shield the appellee from liability if the aforesaid issues are resolved against it, whether the roadway activities are deemed to be “planning” or “operational.” Bailey Drainage District; City of St. Petersburg.
REVERSED and REMANDED FOR FURTHER PROCEEDINGS CONSISTENT HEREWITH.
GLICKSTEIN and GARRETT, JJ., concur.
KAHN, MARTIN D., Associate Judge, dissents with opinion.