KAHN, MARTIN D.,
dissenting.
The plaintiff/appellant, Thomas Brien, and his friend drove over unfinished highway construction (clearly identified as forbidden territory) to gain access to a partially constructed bridge where they skateboarded. On what turned out to be the last of many such occasions, they returned after dark and the friend drove his car off the end of the pavement on a yet to be completed portion of an 1-75 access ramp. Brien was injured and sought recompense from the Florida Department of Transportation (D.O.T.).
Recognizing that summary judgment is not appropriate to resolve disputed issues of material fact, three such issues are undisputed, and are fatal to Brien’s cause of action, irrespective of what other facts may be in dispute: First, Brien was a trespasser. Second, there is not even a remote suggestion that the D.O.T. undertook to do Brien willful or wanton harm. Third, the D.O.T. did not discover the presence of trespassers on that portion of 1-75 until after Brien’s injury.
As stated in Wood v. Camp, 284 So.2d 691 (Fla.1973).
The unwavering rule as to a trespasser is that the property owner is under the duty only to avoid willful and wanton harm to him and upon discovery of his presence to warn him of known dangers not open to ordinary observation.
284 So.2d at 693. See also Seitz v. Surfside, Inc., 517 So.2d 49 (Fla. 3d DCA 1987).
Although Brien and his friend had driven the exact route at least ten times previously, and the end of the pavement certainly *528 was open to ordinary observation to them, that possible question of fact need not be reached, since the duty to warn is not required until the D.O.T.’s discovery of the trespassers’ presence.
Likewise, it is not necessary to delve into the operational versus the planning functions of D.O.T., and the resulting immunity vel non questions.
Accordingly, I disagree with the learned majority, and suggest that the trial judge was eminently correct in entering summary judgment in favor of the D.O.T.