PER CURIAM.
In this negligence action, John W. Rouzie and his wife Gale Rouzie appeal from a judgment on a directed verdict in favor of defendants Alterman Transport Lines, Inc. (Alterman) and Municipal Steel and Sign Co. (Municipal). We affirm.
John Rouzie was a warehouseman employed by the United States Navy to unload freight. The Navy had ordered steel sign posts from Municipal. According to the agreement between the Navy and Municipal, the Navy could submit special shipping instructions, in writing. Here, as per the Navy’s specific written request, Alterman’s drivers were instructed that an enclosed trailer was to be used. However, no information was given either defendant as to what means would be used to unload the cargo upon delivery.
The sign posts were bundled in groups of two to four with steel straps, and were manually loaded onto the floor of the for-wardmost end of the Alterman trailer by Municipal workers, each bundle weighing approximately one hundred pounds. When the cargo arrived at the Navy loading dock, Rouzie unsuccessfully attempted to use a forklift and chain to unload the bundles. Thereafter, Rouzie’s supervisor accepted the shipment and instructed plaintiff, along with three others, to unload the cargo manually. Rouzie claims that he suffered a herniated disc as a result of the manual unloading.
Rouzie brought suit against Alterman and Municipal, alleging defendants negligently loaded the cargo in a way which made unloading by mechanical means impossible, and thus, unreasonably dangerous. At the same time, his wife brought suit against them for loss of consortium. The trial judge directed a verdict in defendants’ favor, finding that plaintiff had failed to prove the existence and breach of a duty owed by defendants. We agree.
The principal issue in any negligence action is whether the injury resulted from defendant’s violation of a legal duty owed to the plaintiff. The threshold question, therefore, is whether the defendant had a legal duty to the plaintiff and, if so, the extent of that duty. Seitz v. Surfside, Inc., 517 So.2d 49, 50 (Fla. 3d DCA 1987), review denied, 525 So.2d 880 (Fla.1988); Bondu v. Gurvich, 473 So.2d 1307, 1312 (Fla. 3d DCA 1984), review denied sub nom. Cedars of Lebanon Hosp. Care Center, Inc. v. Bondu, 484 So.2d 7 (Fla.1986); Rishel v. Eastern Airlines, Inc., 466 So.2d 1136, 1138 (Fla. 3d DCA 1985); Price v. Morgan, 436 So.2d 1116, 1118-19 (Fla. 5th DCA 1983), review denied, 447 So.2d 887 (Fla.1984). Unless a legal duty has been *749 breached, there can be no cause of action for negligence. Seitz, 517 So.2d at 50; Rice v. Florida Power & Light Co., 363 So.2d 834, 839 (Fla. 3d DCA 1978), cert. denied, 373 So.2d 460 (Fla.1979).
Redress for injuries caused by the allegedly negligent performance of a contractual duty may be properly sought through a tort action. Gallichio v. Corporate Group Serv., Inc., 227 So.2d 519, 520 (Fla. 3d DCA 1969). The rule is well settled that privity of contract is not an element of a cause of action in tort. A.R. Moyer, Inc. v. Graham, 285 So.2d 397 (Fla. 1973); Navajo Circle, Inc. v. Development Concepts, Corp., 373 So.2d 689, 691 (Fla. 2d DCA 1979). Further, a defendant’s liability extends to persons foreseeably injured by the defendant’s failure to use reasonable care in the performance of a contractual promise. Maryland Maint. Serv., Inc. v. Palmieri, 559 So.2d 74, 76 (Fla. 3d DCA), review denied, 574 So.2d 142 (Fla. 1990). Rouzie argues that Municipal and Alterman were under a duty to load the cargo so as to enable Rouzie to unload it mechanically. Further, Municipal loaded the sign posts in an enclosed trailer pursuant to the explicit directions of the Navy, and Alterman merely carried the sign posts to the Navy loading dock. It was Rouzie’s supervisor who accepted the shipment and instructed Rouzie to unload the cargo. Nowhere was a contractual duty created between the Navy and the defendants whereby the defendants were required to load the cargo so that it could be unloaded by mechanical means. Thus, finding defendants owed no duty to Rouzie upon which to base a claim of negligence, the trial court properly directed the verdict in defendants’ favor. Whitten v. State Farm Fire and Casualty Co., 430 So.2d 528, 529 (Fla. 4th DCA 1983); Daniels v. Weiss, 385 So.2d 661, 664 (Fla. 3d DCA 1980).
Accordingly, we affirm.