902 So.2d 217 (2005)
Shirley SCHMID, Appellant,
v.
CITY OF MIAMI BEACH, Appellee.
No. 3D04-790.
District Court of Appeal of Florida, Third District.
May 11, 2005.
*218 Hicks & Kneale and Dinah Stein, Miami, for appellant.
Murray H. Dubbin, City Attorney and Sheri Alden Sack, First Assistant City Attorney, for appellee.
Before SHEPHERD and SUAREZ, JJ., and SCHWARTZ, Senior Judge.
SCHWARTZ, Senior Judge.
While she was walking on Lincoln Road Mall in Miami Beach, Ms. Schmid's shoe became caught in a "decorative groove" around a tree planted in the concrete walkway. She fell and was injured. In this appeal, we reverse a summary judgment entered below for the city because of the existence of issues of material fact concerning its liability for maintaining the condition, comparative negligence, and legal causation. See Ferla v. Metro. Dade County, 374 So.2d 64, 66-67 (Fla. 3d DCA 1979), cert. denied, 385 So.2d 759 (Fla. 1980); Kopf v. City of Miami Beach, 653 So.2d 1046 (Fla. 3d DCA 1995), review denied, 662 So.2d 931 (Fla.1995); Capo v. State Dep't of Transp., 642 So.2d 37 (Fla. 3d DCA 1994), review denied, 651 So.2d 1193 (Fla.1995); Camillo v. State Dep't of Transp., 546 So.2d 4 (Fla. 3d DCA 1988), review denied, 547 So.2d 1209 (Fla.1989); Armas v. Metro. Dade County, 429 So.2d 59 (Fla. 3d DCA 1983); Brien v. Fla. Dep't of Transp., 538 So.2d 526 (Fla. 4th DCA 1989); State Dep't of Transp. v. Kennedy, 429 So.2d 1210 (Fla. 2d DCA 1983).
Specifically, we reject the defendant's primary argument for affirmance that it is protected by sovereign immunity because the allegedly dangerous indentation in the walking surface which caused the accident was an aesthetic feature of the original design of the surface,[1] rather than the result of a hole or crack in the sidewalk which had not been properly repaired. The law is to the contrary. In Ferla, which was decided soon after Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla.1979), introduced the basic "operational-planning" dichotomy which still essentially prevails today, we considered various claims of county liability arising from an automobile accident on a county maintained causeway. In addressing just this contention, we said
We think that the claim that the median strip was negligently designed and constructed so as to cause a car which accidently came into contact with it to become airborne rather clearly falls within that class of governmental decision-making which the supreme court characterized as "operational" and thus actionable. The determination of the precise configuration of the median strip, which the county had already determined was to be installed in some form conceptually does not differ from the activity involved in properly maintaining already installed traffic control *219 deviceswhich the court specifically held to be non-immune from tort liability in Commercial Carrier-Cheney. See also Welsh v. Metropolitan Dade County, 366 So.2d 518 (Fla. 3d DCA 1979). Several decisions interpreting the Federal Tort Claims Act's "discretionary function" exception, which the supreme court found helpful and analogous in Commercial Carrier, support this view. For example, in Seaboard Coast Line R. Co. v. United States, 473 F.2d 714 (5th Cir.1973), the fifth circuit dealt with a claim that the government had negligently designed and constructed a drainage ditch at an army base. The court stated at 473 F.2d at 716:
"The government next contends that even if the District Court's fact findings are not clearly erroneous, the District Court had no jurisdiction over plaintiff's complaint because government decisions concerning designs, plans, and specifications are within the discretionary function exception to the Federal Tort Claims Act."
* * * * * *
"We think the District Court was neither clearly erroneous regarding the facts, nor in error in applying the law. The discretionary function envisioned by 28 U.S.C. § 2680(a) and by Dalehite was the government's policy decision to construct an aircraft maintenance facility at Fort Rucker and to build a drainage system in furtherance of that goal. Once the government decided to build a drainage ditch, it was no longer exercising a discretionary policy-making function and it was required to perform the operational function of building the drainage ditch in a non-negligent manner." ...
Thus the summary judgment must be reversed as to this aspect of the plaintiff's case.
Ferla, 374 So.2d at 66-67; see also Camillo, 546 So.2d at 4; Armas, 429 So.2d at 59; Brien, 538 So.2d at 526; Kennedy, 429 So.2d at 1210.
Reversed and remanded.
NOTES
[1] The fact that other similar areas on the mall did not contain that "defect" is itself evidence of the availability and feasibility of a safer alternative. See Holley v. Mt. Zion Terrace Apartments, Inc., 382 So.2d 98, 100-01 (Fla. 3d DCA 1980).