# Third District Court of Appeal

## State of Florida

Opinion filed November 5, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0937
Lower Tribunal No. 23-1317-CA-01
_____

**Lazaro Rodriguez, et al.,**
Appellants,

vs.

**Marciano Jaimes, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Ramon M. Rodriguez, P.A., and Ramon M. Rodriguez, for appellants.

Shutts & Bowen LLP, and Aliette D. Rodz, Julissa Rodriguez and Giancarlo Cueto, for appellees Fonticiella Construction Corporation, Fonticiella Construction Management, LLC, Fonticiella Development, LLC, Fonticiella GP, LLC, and Fonticiella LLLP.

Before SCALES, C.J., and MILLER and BOKOR, JJ.

PER CURIAM.

Affirmed. <u>See</u> <u>Chakra 5, Inc. v. City of Miami Beach</u>, 254 So. 3d 1056, 1061 (Fla. 3d DCA 2018) (holding that an appellate court, in its *de novo* review of a dismissal order, looks no further than the complaint and "treat[s] as true all of the well-pled allegations of the complaint[.]"); <u>Bechtel Corp. v. Batchelor</u>, 250 So. 3d 187, 196 (Fla 3d DCA 2018) (holding that the duty to protect from injury on property is predicated on control of the property, including the right to control access); <u>Seitz v. Surfside, Inc.</u>, 517 So. 2d 49, 50 (Fla. 3d DCA 1987) ("The principal issue in any negligence action is whether the injury resulted from the defendant's violation of a legal duty owed to the plaintiff. . . . Unless a legal duty has been abrogated, there can be no cause of action for negligence.").